SAVERIO *v.* CARSON.

(*Nashville,* December Term, 1947.)

Opinion filed February 28, 1948.

HOWARD F. BUTLER and ROY A. MILES, both of Nashville, for appellant.

Roy H. Beeler, Attorney General, Wm. F. Barry, Solicitor General, and Harry Phillips and Allison B. Humphreys, Jr.; Assistant Attorney General for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This cause involves a construction of Chapter 3 of Public Acts of 1947, known as the Tennessee Retailers' Sales Tax Act.

Complainant filed her bill under Williams' Code, Section 8835 *et seq.*, known as the Declaratory Judgments Law, and sought a decree declaring her status with respect to said retail sales tax pertaining to her business as the operator of a laundry and linen service in the city of Nashville. The Chancellor sustained a demurrer to the bill and complainant has appealed.

Complainant operates a laundry in the city of Nashville. A laundry under the Sales Tax Act is classified as a service and is exempt from the 2 per cent sales tax. Complainant also operates a linen service where she owns diapers that she charges a rental service for, and it is the tax on the rental of these diapers that she furnishes or rents to her customers that the controversy is about.

Section 3 of the Act declares it to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this State, or who rents or furnishes any of the things or services taxable under the Act.

It is conceded by the State that complainant is not liable under the Act on that part of her business wherein she provides laundry service for those customers who furnish their own diapers. On the other hand, it is

insisted by the State that complainant is liable for the sales tax on that part of her business wherein the clean diapers furnished by her belong to complainant, and a specific charge for the entire service is made, including a rental charge.

We are of opinion that construction of the Act which would permit an attempted division or separation of the charge for services rendered would result in confusion in the administration of the Act and render the law unworkable.

That part of complainant's business which comprises the furnishing of her own property to customers for their use does involve, in large measure, a service which is not, strictly speaking, a rental charge, but is identical with the business of towel and linen service provided in many localities whereby business concerns, public buildings, etc., are furnished clean towels and other linens for a stated charge per week or month. See *Philadelphia Ass'n of Linen Suppliers et al.* v. *City of Philadelphia et al.*, 139 Pa. Super. 560, 12 A. (2d) 789; *Saenger Realty Corporation* v. *Grosjean*, 194 La. 470, 193 So. 710.

Complainant relies on the contention that most of the charge for furnishing diapers to her customers is a service charge rather than a rental charge, and that the cost is based largely upon the expense of collecting, delivering and laundering diapers, rather than the rental return upon the original purchase price.

Our statute is plain in that the tax must be paid on the final rental or selling price, even though this price includes service charges. Section 2 (d).

The maxim *de minimis non curat lex* has no application in the present cause. The measure of the tax is the gross proceeds of the rental paid by the lessee to the

lessor without any deduction for service charges, regardless of how small may be the percentage of the return on the property rented.

We are further of opinion that the fact that complainant pays a privilege tax as a laundry on one aspect of her business has no bearing on her tax liability as a renter and furnisher of tangible personal property under the Sales Tax Law. Practically every merchant or dealer who pays sales taxes to the State also pays one or more other privilege taxes to his County Court clerk under the General Revenue Act, Williams' Code, Section 1248.1 *et seq.*

It results that we find no error in the decree of the Chancellor and it is affirmed.

All concur.