The MEMPHIS COUNTRY CLUB

v.

George M. TIDWELL, Commissioner Department of Revenue of the State of Tennessee.

Supreme Court of Tennessee.

Dec. 3, 1973.

Dale Woodall, Evans, Petree, Cobb & Edwards, Memphis, for appellant.

David M. Pack, Atty. Gen., State of Tennessee, William B. Hubbard, Asst. Atty. Gen., Nashville, for appellee.

OPINION

McCANLESS, Justice.

The Memphis Country Club filed its complaint to recover sales taxes, penalty, and interest, amounting to $8,420.36, which it had paid under protest. The Chancellor, being of opinion that the club was liable for the assessment, dismissed the complaint. The club has appealed.

The parties stipulated that the plaintiff is a non-profit social club maintained for the benefit, amusement, entertainment, and recreation of its members, including among other things the operation of bar and dining facilities. On February 21, 1967, the club's board of directors adopted the following resolution concerning the tipping of the bar and dining room employees:

"Effective April 1, 1967, a minimum tip of 15% will apply to all food and beverage sales. With a minimum tip of .05¢, rounded up to the nearest higher .05¢. Additional tip or cash would be allowed on top of 15% for extra services rendered, but members can also eliminate the 15% tip if dissatisfied with service explaining on ticket with a notation why he would want to eliminate 15% automatic tip.

"In the absence of any indication of tip, 15% will be automatically applied.

"A 10% tip will apply on Buffet Service rather than the regular 15%."

The services of the club never are paid for in cash but are charged to the members who are billed for the services and the tips. The practice is for a waiter or waitress rendering service to record the member's name on each sales ticket and for the club to pay each such employee, weekly, the total amount of his tips. The tips are shown as a separate item on the employee's salary check, and are reported to the Inter-

nal Revenue Service. The tips are in addition to the wages the club pays its employees, which in all cases equal or exceed the statutory minimum wages.

The parties stipulated and the testimony showed that some of the tickets are altered by members to change amounts of the tips authorized. More of the changes are to provide increases than to require reduction or the elimination of tips. It appears from the record that despite the requirement of the resolution that a member write on the ticket "a notation why he would want to eliminate 15% automatic tip" a member's elimination of a tip without explanation is allowed in practice.

The Commissioner contends that the tips that the plaintiff collects under the club's arrangement are a part of the selling price of the goods and services that it furnishes. The club, on the other hand, insists that its rules do not require the payment of tips and that they are gratuities which may either be given or withheld at the member's pleasure.

The Commissioner relies on the following language of Section 67–3002(d) in support of his insistence that the tips should be included in the charge for the service and, therefore, in the club's sales tax base:

"'Sales price' means the total amount for which tangible personal property is sold, including any services that are a part of the sale, valued in money, whether paid in money or otherwise, and includes any amount for which credit is given to the purchaser by the seller, without any deduction therefrom on account of the cost of the property sold, the cost of materials used, labor or service costs, or losses or any other expense whatsoever . . ."

He relies on Saverio v. Carson, 186 Tenn. 166, 208 S.W.2d 1018 [1948], and on Crescent Amusement Company v. Carson, 187 Tenn. 112, 213 S.W.2d 27 [1948].

Mrs. Saverio operated a diaper service. For an agreed price she furnished diapers to her customers. She insisted that she should not be required to pay sales tax on that part of her revenues that compensated her for her delivery expense. The Court rejected this insistence observing that "the tax must be paid on the final rental or selling price, even though this price includes service charges."

The Crescent Amusement Company, the operator of motion picture theatres, argued that the rental of a motion picture film by an exhibitor was the rental of an intangible and therefore not subject to the assessment of the sales tax. The Court held to the contrary and upheld the Commissioner's authority to assess the tax.

In Anders v. Board of Equalization, 82 Cal.App.2d 88, 185 P.2d 883 [1947], an opinion of the District Court of Appeal for the Third District of California, the facts were that under an arrangement between the operators of a drive-in restaurant and their waitresses, all tips received by a waitress would first be applied to the payment of her minimum wage of $16.75 a week and any excess over that amount would be given to her. The court adjudged that the tips to the extent of the minimum wage became a part of the employer's gross receipts for service in connection with their sales of tangible personal property and subject to the sales tax; and that all tips in excess of the minimum wages were exempt from the tax.

The Youngstown Club v. Porterfield, Commissioner, 21 Ohio St.2d 83, 255 N.E. 2d 262 [1970], involved the application of the retail sales tax to tips paid the waiters of a private dinner club. The tips were at the rate of fifteen per cent of all food and beverage checks and the amounts were paid to waiters who rendered the service. In practice members occasionally increased or decreased the fifteen per cent sum, depending upon the quality of service rendered by particular employees. The court held that these tips were not gratuities excludable in computing the prices of sales and were subject to the sales tax.

Contrary to *The Youngstown Club* opinion is that of the District Court of Appeal of Florida, Third District, in the case of Green, Comptroller v. Surf Club, Inc., reported in 136 So.2d 354 [1962]. There the court held that the club was not liable for a sales tax computed on tips under facts similar to those in the case before us and similar to those in the opinion in *The Youngstown Club* case. The court reasoned that the club was "no more than an instrumentality or conduit for the collection of gratuities or 'tips' for its waiters or service personnel."

The following language appears in the opinion:

"There may be situations wherein the collection of a fixed service charge is taxable, such as where the assessment and collection thereof has no relationship to the sums received by the service personnel but is retained by the employer as a portion of the gross proceeds on the sale of food and beverage. The determinative question in each instance should be whether the 'dealer' receives a benefit from the involuntary charge. If he does, he should be taxed. If he does not, no tax should be levied."

There is no dispute about the facts of this case. A member of the club or one of his family may be served at the bar or in the dining room. If he signs the ticket without indicating any change in the tip it is charged to the member's account and credited to the account of the waiter or waitress in accordance with the resolution. If the member or one of his family wants to, however, he can, by an endorsement on the ticket, change or eliminate the amount of tip and under the prevailing practice he need not give a reason for the change, although the resolution provides that "if dissatisfied with service explaining on ticket with a notation why he would want to eliminate 15% automatic tip." The club does not enforce this provision of the resolution and the tip may be increased, decreased or eliminated at any time and without explanation. During a period of three weeks in March, 1972, 37 of the 207 food checks and 25 of the 546 bar checks that were examined had provided for a change in the fifteen per cent tips.

The record shows to our satisfaction that the only compulsion on the members to observe the tipping schedule established by the resolution is a social and not a legal one. This conclusion is determinative of our further conclusion that the tips do not constitute a part of the charge for the services rendered and should not be included in the club's sales tax base.

We, therefore, decide that under the facts of the record the assessment for which the Memphis Country Club challenges is an invalid assessment and that it is entitled to a decree in accordance with the prayers of its complaint. A decree will be entered accordingly.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.