**Salem**

DUBLIN GARMENT COMPANY, INC., et al.

v.

KAYE T. JONES

No. 1093-85

Decided April 15, 1986

COUNSEL

James T. Hutton (Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for appellants.

T. Rodman Layman (Crowell, Nuckols, Layman, Aust & Phillips, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—This is a workers' compensation case involving a touching by a fellow employee resulting in injury to the claimant, Kaye T. Jones. It is conceded that the injury arose in *the course of* employment. The sole issue on appeal is whether the injury *arose out of* the employment. The Industrial Commission, with Chairman James dissenting, held that the injury did arise out of the employment. We affirm.

The essential facts are not in dispute. On September 19, 1984, Jones entered the "breakroom" located on the premises of her employer, Dublin Garment Company, Inc. Immediately thereafter and without provocation, a fellow employee, Myrtle E. Lawson, touched her on both shoulders from behind, pushing her forward and jerking her back with sufficient force to buckle her knees. There had been no previous ill will or disagreement between the two. While Jones had not anticipated Lawson's action, she interpreted it as a "friendly gesture." Indeed, Lawson, while disagreeing with the amount of force used, testified that the touching was intended to be a friendly gesture. She explained that, "we all was tired I guess. We'd been working a lot of overtime. I walked up

behind her and laid my hand up on her shoulder and asked her if she was as tired as I was." Immediately after this incident, Jones was unable to move her arms and was taken to first aid by her supervisor. Various doctors diagnosed Jones' injury as cervical strain. She was not permitted to return to work until February 15, 1985. Jones and Lawson had known each other as co-employees for approximately ten years but they were not associated outside of the work place.

■ A finding by the Commission that an injury arose out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. *City of Richmond* v. *Braxton,* 230 Va. 161, 335 S.E.2d 259, 261 (1985). Upon appellate review, this Court will uphold findings of fact made by the Commission when supported by credible evidence. *Richmond Cold Storage Co.* v. *Burton,* 1 Va. App. 106, 111, 335 S.E.2d 847, 850 (1985). Accordingly, we must determine whether the facts presented are sufficient as a matter of law to justify the Commission's finding that Jones' injury arose out of her employment.

■ The Commission, citing a number of its previous decisions, held that "when an employee is an innocent nonparticipating victim of a co-worker's playful or joking actions, any resulting injuries are compensable."[1] These cases are generally referred to as "horseplay" cases and have been followed by the Commission since the 1920 *Allen* case in interpreting Code § 65.1-7. It must be presumed that the legislature has been aware of, and acquiesced in, this interpretation.

The elementary rule of statutory interpretation is that the construction accorded a statute by public officials charged with its administration and enforcement is entitled to be given weight by the court. The legislature is presumed to be cognizant of such construction. When it has long continued without change, the legislature will be presumed to have acquiesced therein.

---

[1] *Hauser* v. *Deep Meadow Correctional Center,* 60 O.I.C. 196 (1984); *Patterson* v. *O'Sullivan Rubber Corp.,* 45 O.I.C. 184 (1963); *Taylor* v. *Celanese Corp. of America,* 30 O.I.C. 257 (1948); *Sandridge* v. *Universal Molded Products Co.,* 28 O.I.C. 61 (1946); *Allen* v. *Sloane & Co.,* 2 O.I.C. 240 (1920).

*Peyton* v. *Williams,* 206 Va. 595, 600, 145 S.E.2d 147, 151 (1965); *Baskerville* v. *Saunders Oil Co.,* 1 Va. App. 188, 193, 336 S.E.2d 512, 514 (1985).

Here, the Commission found, "[t]he present case is analogous to such 'horseplay' cases in that the unsuspecting nonparticipating claimant was injured by the unilateral act of the co-worker with common employment being the motivation for such activities," and accordingly that the injury arose out of the employment and was compensable.

The rationale of these "horseplay" cases is that where individuals are gathered together at work, they are given to practical joking or playful acts which at times result in an injury. Such injuries are said to be an anticipated risk of the employment and are compensable in almost every jurisdiction, particularly where the injured employee is not a participant. *Park Oil Co.* v. *Parham,* 1 Va. App. 166, 170-71, 336 S.E.2d 531, 534 (1985). Where co-workers mutually participate in such conduct the resulting injury is not an "injury by accident" as contemplated by Code § 65.1-7. Where, however, the injury arises from the unilateral act of a co-worker upon a nonparticipating claimant, it is an "injury by accident" insofar as that claimant is concerned. Such result is consistent with assaults on employees which are compensable where the attack was directed against the claimant as an employee or because of the employment. *R & T Investments* v. *Johnson,* 228 Va. 249, 253, 321 S.E.2d 287, 289 (1984); *Continental Life Insurance Co.* v. *Gough,* 161 Va. 755, 760, 172 S.E. 264, 266 (1934).

"In deciding whether a claim arises out of the employment . . . '[t]he facts in no two cases are identical and to a certain extent each case must stand alone.' " *Richmond Memorial Hospital* v. *Crane,* 222 Va. 283, 286, 278 S.E.2d 877, 879 (1981). In the present case the record is clear that the only relationship between Jones and Lawson was rooted in their mutual employment. The only reason for the touching was the mutuality of having become tired at the work site from over-time work which was solely related to their employment. They had no association other than at the work site. Jones was an unsuspecting nonparticipating victim of the unilateral act of her co-worker, Lawson. That act was not motivated by ill will toward her which would be the motivation in a traditional assault case. Rather, the motivation was in the spirit of a playful act which, as the Commission found, is

analogous to "horseplay." The resulting injury was thus causally connected to the employment of Jones and is compensable.

*Affirmed.*

Coleman, J., and Moon, J., concurred.