## CIRCUIT COURT OF CHESTERFIELD COUNTY

The Salisbury Club, Ltd.

v.

Virginia Department of Taxation

May 5, 1988

Case No. (Law) 2015-87

By JUDGE WILLIAM R. SHELTON

This case was submitted to me for decision on cross motions for summary judgment based on the stipulation of facts. Salisbury filed an application for correction of an erroneous tax assessment pursuant to Va. Code Section 58.1-182.5. The Department of Taxation imposed a sales tax in the amount of $8,879.80 for an assessment based upon gratuities paid to Salisbury employees by members of the private social club.

The stipulation of facts reveals that the Salisbury Club had enacted a by-law providing that the addition of a gratuity to each food or beverage bill would be in the amount of 15% *unless* the member chose to decrease or increase the amount of the gratuity. The check states clearly that "a 15% gratuity has been added for your convenience. The payment of this gratuity is subject to your complete discretion and may be increased, decreased or eliminated." Two percent of the gratuities collected indicate that a member chose to exercise discretion in the amount of the tip. The period in question is from February 1, 1983, through January 31, 1986.

The Department of Taxation asserts that the gratuities are a service charge included as a part of the sale and are thus subject to sales tax.

The Department of Taxation defends the assessment, on the grounds that the sales tax statutes and regulations clearly envision such a situation whereby an automatic addition of a gratuity or service charge is subject to the tax "unless a customer exercises his option and specifies a different amount." Regulation 630-10-64. The Department argues that the regulation mandates that any gratuity in the amount of 15% is subject to the tax, while if the customer chooses to exercise his or her discretion and specifies an amount other than 15%, the charge will be considered a non-taxable tip. In other words, the Department of Taxation considers the Salisbury procedure for tipping to be a "mandatory gratuity." The Department urges this Court to give statutory construction great weight, relying on *Dublin Garment Company v. Jones*, 2 Va. App. 165, 342 S.E.2d 638 (1986).

Salisbury, in support of its motion for summary judgment, asserts that the mere existence of the discretion of the club member whether or not to award a 15% tip or increase or decrease the gratuity is evidence of the fact that the service is indeed only a non-taxable tip and not a sale. The plaintiff relies on the decisions of two neighboring states, Tennessee and West Virginia. *Memphis Country Club v. Tidwell*, 503 S.W.2d 919 (1973), and *Lakeview Inn and Country Club, Inc. v. Rose*, 338 S.E.2d 166 (1985). I find the West Virginia case to be particularly persuasive. In that case the West Virginia Supreme Court held "mandatory service charges are taxable as part of the employer's total sales price of food and beverages, whereas discretionary services, like cash tips, are rewards to the employees themselves and therefore non-taxable.

In my opinion, the position of the Department of Taxation whereby it imposes a sales tax on a standard gratuity while not choosing to impose the tax in the situation where the customer chooses to alter the amount is an artificial distinction. The members of the Salisbury Club clearly have the discretion to provide the standard tip or change the tip to any amount they deem proper. Therefore, I deny the defendant's motion for summary judgment and grant the plaintiff's motion for summary judgment.