COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


RAPHAEL JEU
                                        MEMORANDUM OPINION[*]
v.   Record No. 0511-97-4                   PER CURIAM
                                         OCTOBER 7, 1997
HYATT REGENCY RESTON and
 EMPLOYERS INSURANCE OF WAUSAU


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Raphael Jeu, pro se, on briefs).

        (Lisa C. Healey; Siciliano, Ellis, Dyer and
        Boccarosse, on brief), for appellees.


     Raphael Jeu (claimant) contends that the Workers'
Compensation Commission (commission) erred in refusing to award
him compensation benefits on the ground that his injuries did not
arise out of and in the course of his employment, but rather
resulted from his active participation in horseplay with a
co-worker.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.
     "A finding by the Commission that an injury [did or did not
arise] out of and in the course of employment is a mixed finding
of law and fact and is properly reviewable on appeal."  Dublin
Garment Co., Inc. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638,
638 (1986).  Findings of fact made by the commission will be
upheld on appeal if supported by credible evidence.  See James v.
Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487,
488 (1989).  "In determining whether credible evidence exists,
the appellate court does not retry the facts, reweigh the
preponderance of the evidence, or make its own determination of
the credibility of the witnesses."  Wagner Enters., Inc. v.
Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).
     The commission held that the evidence did not support
claimant's assertion that his co-worker, Mostafa Hanif, assaulted
him.  Rather, the commission found that the evidence proved that
claimant and Hanif engaged in mutual horseplay, which was not
condoned by the employer and which resulted in claimant's

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

1

injuries.  In so ruling, the commission found as follows:

> Hanif was prone to giving "bear hugs" and there is no indication that he lifted the claimant with any malicious intent.  Rather, the evidence indicates that the claimant and Hanif were engaged in horseplay which escalated beyond that of previous horseplay between the two parties.  Prior to the injury, the claimant was hitting Hanif with a towel and fully engaged in activities leading up to the incident, including what appeared to be playing "tag" five to ten minutes before the incident.  Evidence from employees and the restaurant manager indicated that horseplay was not condoned by the employer.

The commission's findings are supported by the testimony of Deborah Peruzzotti, the employer's assistant restaurant manager, and claimant's co-workers, Catherine Leveroni, Redozane Benbatoul, and Hanif.  Because credible evidence supports the commission's factual findings, we will not disturb them on appeal.  Based upon these findings, the commission could reasonably conclude that claimant and Hanif were engaged in mutual horseplay which caused claimant's injuries.  "Where co-workers mutually participate in [horseplay] the resulting injury is not an 'injury by accident' as contemplated by [the Act]."  Jones, 2 Va. App. at 168, 342 S.E.2d at 639.

For these reasons, we affirm the commission's decision.

Affirmed.