COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DICKENSON COUNTY SCHOOL BOARD
AND
OLD REPUBLIC INSURANCE COMPANY
                                        MEMORANDUM OPINION[*]
v.    Record No. 0744-98-3                 PER CURIAM
                                         AUGUST 25, 1998
PATRICIA KAY MULLINS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (S.T. Mullins; Street, Street, Street,
               Scott & Bowman, on brief), for appellants.

               (Clarence E. Phillips, on brief), for
               appellee.


     Dickenson County School Board and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that Patricia Kay

Mullins ("claimant") proved that (1) at the time of her October

28, 1995 injury by accident, she was in the course of her

employment acting as an "employee" covered by the Workers'

Compensation Act; and (2) her right carpal tunnel syndrome was

causally related to the October 28, 1995 compensable injury by

accident.[1]  Upon reviewing the record and the briefs of the

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Employer also contends that the commission erred in finding
that claimant proved that her ganglion cyst was causally related
to her compensable injury by accident.  However, our review of
the commission's opinion reveals that the commission found that
the employer was not responsible for treatment or disability
related to the ganglion cyst.  Because the commission ruled in
employer's favor on this issue, we will not address it on appeal.

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

I.

"A finding by the commission that an injury arose out of and
in the course of employment is a mixed finding of law and fact
and is properly reviewable on appeal."  Dublin Garment Co. v.
Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986).

In granting claimant's application, the commission made the
following factual findings:

> The claimant's job was that of a school bus
> driver.  At the time of the accident, she
> was furthering the interests of her
> employer, in spite of the fact that she was
> not required to take the band to North
> Carolina.  As a result of the budget
> crunch, bus drivers were encouraged to
> "volunteer" their time for extracurricular
> activities.  Such activities were an
> important part of the school's overall
> program.  The school board continued to
> exercise control.  The claimant was
> required to obtain permission from the
> director of transportation to drive the
> bus.  Only school bus drivers employed by
> the county could drive students on these
> extracurricular trips.  The claimant was
> responsible for checking the bus systems to
> make sure that they were working properly.
>  She was also responsible for picking up
> trash on the bus.  While the claimant was
> not compensated for her time, her expenses
> were paid and she was admitted to the
> extracurricular events.

Based upon these factual findings, the commission concluded
that "the school system exercised sufficient control and that
there was a sufficient nexus between the employment and driving

-2-

the bus for extracurricular activities, to place her in the position of an employee, as opposed to a volunteer, at the time of the accident."  We agree.

"An injury 'occurs in the "course of employment" when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is fulfilling the duties of his employment or is doing something which is reasonably incidental thereto.'"  Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972) (quoting Conner v. Bragg, 203 Va. 204, 207-08, 123 S.E.2d 393, 396 (1962)).  Moreover, "compensation under the Act [is] not confined to injuries occurring only during working hours."  Id.

> "If the voluntary act of an employee which causes an injury is sufficiently related to what the employee is required to do in fulfilling his contract of service, or is one in which someone in a like capacity may or must do in the interest of his employer's business, the fact that the employee was not actually required to perform the act will not impair his right to recover compensation."

Id. at 564, 186 S.E.2d at 65 (citation omitted).

Although the evidence showed that claimant was not required to drive employer's school bus to North Carolina to transport the students on their field trip, her actions, which were controlled and authorized by employer, were obviously for employer's benefit and in its interest.  When claimant sustained her injuries, she was at a place she was reasonably expected to be while engaged in an activity incidental to her employment.  She was not on a

mission of her own wholly unconnected to her employment.  Under these circumstances, claimant's injuries occurred in the course of her employment while she was acting as an employee, not a volunteer.  See id.  Accordingly, the commission did not err in finding that claimant's evidence met her burden of proof.

II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).  "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In ruling that claimant proved that her right carpal tunnel syndrome was causally related to her compensable October 28, 1995 injury by accident, the commission found as follows:

> Both Dr. [Sudkhara K.R.] Udupa and Dr. [William A.] McIlwain agree that the de Quervain's disease is causally related to the accident.  While Dr. McIlwain did not relate the carpal tunnel syndrome to the accident, Dr. Udupa opined that there was a "high probability" that the accident aggravated that preexisting condition. Neither physician related the cyst to the accident.  We are persuaded by the opinions of Dr. Udupa and find that the de Quervain's disease and carpal tunnel syndrome are related to the accident.  The

-4-

> employer takes the employee as he finds her
> with all her weaknesses and infirmities,
> and the employer is responsible for the
> aggravation of a preexisting condition, in
> this case, carpal tunnel syndrome.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Udupa's opinions, and to reject any contrary medical opinions. Dr. Udupa's opinions constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.