COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


MATTHEW EDWARD SIMMS

                                                                    OPINION BY
v.      Record No. 1004-08-4                          JUDGE ROSSIE D. ALSTON, JR.
                                                                    JULY 28, 2009
RUBY TUESDAYS, INC. AND
  HARTFORD INSURANCE COMPANY
  OF THE MIDWEST


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Diane C. H. McNamara for appellant.

                Kathryn Lea Harman (Semmes, Bowen & Semmes, on brief), for
                appellees.


        Matthew Edward Simms (claimant) appeals a decision of the Workers' Compensation

Commission (commission) denying benefits on his claim against Ruby Tuesdays, Inc. and

Hartford Insurance Company of the Midwest (collectively, employer).  Claimant contends the

commission erred in finding that his injury did not arise out of employment and erred in failing

to find that the disability and medical treatment he requested were related to the injury.  Finding

no error, we affirm the commission's decision.

                                    I.  BACKGROUND

        On appeal, "we view the evidence in the light most favorable to [employer], the party

prevailing before the commission."  Great E. Resort Corp. v. Gordon, 31 Va. App. 608, 610, 525

S.E.2d 55, 56 (2000).  On June 3, 2006, while working for employer as a restaurant server in

Manassas, Virginia, claimant was entering a food order into the microcomputer located in the

kitchen of the restaurant.  Claimant was holding the customer checkbook in his left hand as he

entered the order by touch screen into the computer with his right hand. During the entry, three idle co-workers began throwing ice at claimant. Claimant turned around when a piece of ice hit him in the back of the head. As claimant turned around, he was continually hit in the face and chest with pieces of ice. To block the ice from hitting his face, he threw up his left arm. As he lifted his arm, his left shoulder dislocated and he dropped his checkbook to the floor. As a result, claimant suffered an injury to his left shoulder. Subsequently, claimant underwent surgery to resolve the injury.

On April 16, 2007, claimant filed a claim for benefits seeking compensation for temporary total disability from June 3, 2006, through November 1, 2006, and payment of lifetime medical costs for the injury.

On September 21, 2007, the deputy commissioner conducted a hearing on the matter. At the hearing, Craig Davis testified that he had worked for employer for over seven years. On the date of claimant's injury, Davis was on duty as the assistant manager at the Manassas location. Davis stated that he never approved of employees throwing ice. If he caught an employee throwing ice, he would initially tell the individual to refrain from engaging in the conduct. If he caught the same individual a second time, he would issue a written warning. Joseph Higgins, a general manager for employer at the Manassas location, testified that he did not condone ice-throwing in the restaurant.

In addition to the evidence shown at the hearing, the deputy commissioner was presented with the August 30, 2007 deposition of Robert Simms, the claimant's brother. At the deposition, Robert stated that he had previously worked for employer as a bartender and server at two different restaurants. Robert testified that during his employment, employees engaged in horseplay or wrestling in the presence of management. Typically, management would interject and direct the employees to refrain from the conduct.

Finding that claimant was an "innocent victim of horseplay" perpetrated by some co-employees pursuant to Dublin Garment Co. v. Jones, 2 Va. App. 165, 342 S.E.2d 638 (1986), the deputy commissioner concluded that claimant sustained an injury by accident arising out of and in the course of normal events. In addition, the deputy commissioner found that claimant proved "total work incapacity from June 4 through June 7, 2006[,] causally related to the work accident." The deputy commissioner also granted claimant causally related medical attention for as long as necessary.

Upon review, the commission disagreed with the deputy commissioner's findings. In doing so, the commission noted that at the time the deputy commissioner rendered the decision, Dublin controlled the outcome. The commission stated that since that time, however, the Supreme Court of Virginia issued Hilton v. Martin, 275 Va. 176, 654 S.E.2d 572 (2008), a case that "materially changed the 'innocent victim of horseplay' law." Relying on Hilton, the commission concluded as follows:

> In the instant case, . . . it is immaterial whether the claimant's co-workers were playful or hostile. They were using ice, a tool of the restaurant business, in an unauthorized manner, which is also immaterial. Their unauthorized use of the employer's ice against the claimant in a playful manner, without his consent, was horseplay. However, there is no connection between the conditions under which the employer required the work to be performed and the assault by the co-workers.

Thus, the commission reversed the deputy commissioner's finding that claimant's injury arose out of his employment.

This appeal by claimant followed.

## II. ANALYSIS

On appeal, claimant contends the commission erred in failing to find his injury arose out of employment. Relying on Dublin,[1] claimant maintains his injury arose from the unilateral acts of his co-workers, perpetrated upon him as a non-participating claimant. See Dublin, 2 Va. App. at 168, 342 S.E.2d at 639. For this reason, he concludes he was an innocent victim of horseplay. Employer responds that the commission correctly applied Hilton in finding that the ice-throwing was not directed at claimant in his status as an employee. Thus, employer argues that because there was no causal connection between the injury and the conditions under which employer required the work to be done, the commission did not err in finding that the injury did not arise out of employment. We agree with employer.

As a threshold matter, we note that "[t]he question of 'whether an accident arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court.'" Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 477, 624 S.E.2d 681, 683 (2006) (quoting Cleveland v. Food Lion, L.L.C., 43 Va. App. 514, 518, 600 S.E.2d 138, 140 (2004)). In applying this standard, "we are bound by the commission's underlying factual findings if those findings are supported by credible evidence, see Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83-84, 608 S.E.2d 512, 517 (2005) (en banc), [but] we review *de novo* the commission's ultimate determination as to whether the injury arose out of the claimant's employment, see Caplan v. Bogard, 264 Va. 219, 225, 563 S.E.2d 719, 722 (2002)." Id.

---

[1] In Dublin, an employee touched a co-worker, Kaye T. Jones, on her shoulders from behind, pushing her forward and jerking her back with sufficient force to buckle her knees. Dublin, 2 Va. App. at 166, 342 S.E.2d at 638. As a result of the act, Jones sustained a cervical strain. Id. at 167, 342 S.E.2d at 638. Characterizing the incident as "horseplay," this Court stated that "[w]here . . . the injury arises from the unilateral act of a co-worker upon a non-participating claimant, it is an 'injury by accident' insofar as that claimant is concerned." Id. at 168, 342 S.E.2d at 639. Thus, it was concluded that the injury was causally connected to the employment and was compensable. Id. at 168-69, 342 S.E.2d at 639.

In <u>Hilton</u>, Joshua Philip Martin, an employee of an ambulance company, shocked his co-worker with charged defibrillator paddles. <u>Hilton</u>, 275 Va. at 178-79, 654 S.E.2d at 573. This conduct caused the co-worker's death. <u>Id.</u> The administrator of the decedent's estate brought an action in the trial court against Martin, the ambulance company, and the paramedic who assessed the victim's condition prior to her death. <u>Id.</u> at 179, 654 S.E.2d at 574. Among other things, the complaint alleged assault and battery.[2] <u>Id.</u> The defendants filed pleas in bar claiming that the plaintiff's sole remedy was under the Virginia Workers' Compensation Act. <u>Id.</u> The trial court agreed and found the accident arose out of and in the course of employment and the plaintiff's exclusive remedy was as provided by the Act. <u>Id.</u>

On appeal, the Supreme Court of Virginia reversed the trial court's finding. <u>Id.</u> at 181, 654 S.E.2d at 575. In doing so, the Court considered that the "arising out of" prong required application of the "actual risk" test. <u>Id.</u> at 180, 654 S.E.2d at 574. Under that test, "the injury comes within the Act only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done." <u>Id.</u> Next, the Court considered that all "assault upon employee" cases adhered to a common principle: "'If the assault is personal to the employee and not directed against him as an employee or because of his employment, the [resulting] injury does not arise out of employment.'" <u>Id.</u> at 180-81, 654 S.E.2d at 574 (quoting <u>Richmond Newspapers, Inc. v. Hazelwood</u>, 249 Va. 369, 373, 457 S.E.2d 56, 58 (1995)). The Court additionally stated:

> It is immaterial whether the assailant's subjective
> motivation is playful, amorous, vindictive, or hostile. An injury

---

[2] The complaint also alleged medical malpractice against the ambulance company and the paramedic and negligent hiring and negligent retention against the ambulance company. <u>Hilton</u>, 275 Va. at 179, 654 S.E.2d at 574.

> resulting from an assault arises out of the injured person's
> employment when it is directed at the victim *as an employee*.

Id. at 181, 654 S.E.2d at 574-75.

After considering these principles under the circumstances of Hilton, the Court concluded that the assault had no relationship with the decedent's status as an employee. Id. at 181, 654 S.E.2d at 575. The Court noted that "[w]hether intended as flirtatious, merely playful, or as harassment, it was purely personal." Id. The Court further stated that "the employer's workplace requirements had no causal connection with the risk of injury by assault." Id. In addition, Martin's use of the employer's equipment in assaulting a fellow employee "was entirely his own and unconnected with the conditions of employment." Id. Thus, the Court concluded that the injury did not arise from the employment. Id.

Upon our review of Hilton, we believe the continued viability of the horseplay doctrine as set forth in Dublin is called into serious question. It is clear that Hilton involved a playful act, perpetrated upon a non-participating employee by a co-worker, resulting in a willful or unlawful touching, see Wood v. Commonwealth, 149 Va. 401, 404, 140 S.E. 114, 115 (1927), and causing subsequent injury to the employee. Notwithstanding the fact that Hilton involved an innocent victim of horseplay, the Supreme Court concluded that such an injury did not arise out of employment. Under these circumstances, we decline claimant's invitation to apply the horseplay doctrine in the present case. Thus, we conclude Hilton requires that we find claimant, who was an innocent victim of horseplay, did not sustain an injury that arises out of employment.

We also reject claimant's attempt to distinguish Hilton on the grounds that the Supreme Court denominated the incident in that case as an "assault." In sustaining the defendant's pleas in bar, the trial court viewed the evidence in the light most favorable to the defendants as the moving parties. See Weichert Co. of Va. v. First Commerical Bank, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993). Accordingly, there was no adjudication that the employee's acts that

- 6 -

caused the injury constituted an assault as a matter of law. Although the Supreme Court generally characterized the acts causing the injury in Hilton as an "assault," we believe that characterization does not distinguish Hilton from claimant's case.

In the alternative, claimant asserts that even if we find Hilton controlling, we should conclude his injury arose out of his employment. To support that contention, he maintains that the conditions of employment exposed him to the special risk that led to his injury. He further contends that "horseplay was part of the everyday culture, and was known and acquiesced to by the [restaurant] management." We disagree with claimant.

"The language 'arising out of' refers to the origin or cause of the injury . . . ." Briley v. Farm Fresh, Inc., 240 Va. 194, 197, 396 S.E.2d 835, 836 (1990). "An injury will therefore be deemed to 'arise out of' the claimant's employment 'when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Stillwell, 47 Va. App. at 477-78, 624 S.E.2d at 683 (quoting Combs v. Va. Elec. & Power Co., 259 Va. 503, 509, 525 S.E.2d 278, 282 (2000)).

Here, the evidence before the commission showed that when management saw employees engage in horseplay or wrestling, management would interject and direct the employees to refrain from the conduct. Craig Davis, a manager for employer, testified that he never approved of any employees throwing ice. If Davis caught an employee throwing ice, he would issue oral and written warnings to the individuals to refrain from the conduct. Joseph Higgins, a general manager for employer, testified that he did not condone ice-throwing in the restaurant.

From this evidence, the commission concluded that there was no connection between the conditions under which employer required the work to be performed, and the ice-throwing engaged in by claimant's co-workers. In making that conclusion, the commission implicitly

- 7 -

rejected claimant's evidence and accepted employer's evidence. We note that "the [c]ommission's conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). Thus, considering the evidence in this case, the commission could properly find that the incident was personal in nature to claimant, and was not directed at him in his status as an employee or because of employment. See Hilton, 275 Va. at 180-81, 654 S.E.2d at 574. We conclude, therefore, that the commission could reasonably find that ice-throwing was not a risk of employment and, therefore, that the injury did not arise out of employment.

Claimant further contends the commission erred in failing to find that the disability and medical treatment he requested were related to the injury. Because we conclude the injury did not arise out of employment, we need not consider whether the disability and medical treatment were related to the injury.

### III. CONCLUSION

For these reasons, we affirm the judgment of the commission.

Affirmed.