COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


KEVIN CHRISTOPHER KNOTT

MEMORANDUM OPINION*

v.        Record No. 0634-09-1                    PER CURIAM
                                                  DECEMBER 8, 2009
VIRGINIA BEACH MARINERS, INC. AND
  UNINSURED EMPLOYER'S FUND


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> (Kevin Christopher Knott, *pro se*, on brief).  Appellant submitting
> on brief.
>
> (Robert A. Rapaport; Clarke, Dolph, Rapaport, Hull, Brunick &
> Garriott, P.L.C., on brief), for appellee Uninsured Employer's
> Fund.  Appellee Uninsured Employer's Fund submitting on brief.
>
> No brief for appellee Virginia Beach Mariners, Inc.


Kevin Christopher Knott (claimant) appeals the February 27, 2009 decision of the

Workers' Compensation Commission (commission) denying payment of certain medical benefits

and awarding a credit to employer against future compensation.[1]  On appeal, claimant contends

the treatment of his right shoulder and neck are encompassed within his compensable upper back

injury.  Therefore, he contends his claim is not barred by Code § 65.2-601's two-year statute of

limitations and payment of certain medical benefits is appropriate.  We agree, and reverse the

commission's decision.

---

\* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The commission's February 27, 2009 opinion states that claimant also requested review
of the deputy commissioner's decision to terminate temporary partial disability benefits.
Claimant did not present this issue to the Court.  As such, we do not address the termination of
claimant's temporary partial disability benefits.

I. BACKGROUND

"On appeal 'we view the evidence in the light most favorable to [employer], the party prevailing before the commission.'" Simms v. Ruby Tuesday's, Inc., 54 Va. App. 388, 390, 679 S.E.2d 555, 556 (2008) (quoting Great E. Resort Corp. v. Gordon, 31 Va. App. 608, 610, 525 S.E.2d 55, 56 (2008) (alteration in original). So viewed, the evidence established that claimant, a professional soccer player for the Virginia Beach Mariners, sustained a compensable workplace injury on April 5, 2005 when he collided with another soccer player at practice, fell from five or six feet in the air, and "rolled over [a] pole landing and striking the upper back." On November 28, 2006, claimant was awarded temporary total disability payments and medical benefits for the workplace injury to his back "for as long as necessary pursuant to [] Code § 65.2-603."

Over the course of his treatment, claimant was diagnosed with a sprain/strain of the thoracic spine, rib dysfunction, cervical instability, and upper back pain localized to the right scapular region. Claimant received numerous treatments, including physical therapy, trigger point injections, steroid treatments, acupuncture, myofascial therapies, scapular mobilization techniques, intra-articular injections, and prolotherapy treatments.[2] When claimant's pain could not be controlled with treatment, he was not cleared to play soccer for the 2006 season. He retired from professional soccer and accepted a position as director of coaching with a local youth soccer program.

------

[2] Although the Uninsured Employer's Fund (UEF) requested additional information before paying for some of claimant's medical treatment, prior to the treatment provided by Johns Hopkins Physical Medicine and Rehabilitation and Atlantic Physical Therapy, the UEF deemed all of claimant's treatment compensable under the November 28, 2006 order.

On December 28, 2007, claimant filed a claim for benefits to hold employer and UEF [3] liable for the cost of medical treatment provided by and through Johns Hopkins Physical Medicine and Rehabilitation (including treatment by Atlantic Physical Therapy). The UEF disputed claimant's entitlement to medical treatment for his right shoulder and neck on the ground that appellant failed to file a claim for injury to his shoulder or neck within two years of the workplace injury in violation of Code § 65.2-601.

On July 28, 2008, a deputy commissioner ruled on the matter. He concluded the only body part covered by the award of medical benefits was the injury to the back, and because claimant failed to preserve his claim for the right shoulder and neck injury, the claim was time-barred. On review, the full commission agreed with the deputy commissioner and concluded that the UEF was not responsible for any treatment of claimant's neck and right shoulder because the November 28, 2006 award was limited to the treatment of claimant's back. This appeal followed.

## II. ANALYSIS

"On appeal, we are guided by the principle that the Workers' Compensation Act 'is highly remedial.'" Corporate Resource Management v. Southers, 51 Va. App. 118, 126, 655 S.E.2d 34, 38 (2008) (*en banc*) (quoting Henderson v. Cent. Tel. Co., 233 Va. 377, 382, 355 S.E.2d 596, 599 (1987)). "Thus, the Workers' Compensation Act should be 'liberally construed to advance its purpose of compensating employees for accidental injuries resulting from the hazards of the employment[.]'" Masonite Holdings, Inc. v. Cubbage, 53 Va. App. 13, 20, 668 S.E.2d 809, 812 (2008) (quoting Henderson, 233 Va. at 382, 355 S.E.2d at 599)). "'Although we are not bound by the commission's legal analysis on this or prior cases, we give great weight to

---

[3] The commission determined claimant's employer, Virginia Beach Mariners, Inc., failed to maintain workers' compensation insurance. The UEF then assumed responsibility for payment of claimant's medical bills.

the commission's construction of the Act, and we defer to the commission's factual findings if supported by credible evidence in the record.'" Southers, 51 Va. App. at 126, 655 S.E.2d at 38 (quoting Bay Concrete Construction Co. v. Davis, 43 Va. App. 528, 538-39, 600 S.E.2d 144, 150 (2004)).

Code § 65.2-601 provides, "[t]he right to compensation under [the Workers' Compensation Act] shall be forever barred[] unless a claim be filed with the Commission within two years after the accident." "Statutes of limitations 'are designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of a defective memory, or the witnesses have died or disappeared.'" Southers, 51 Va. App. at 127, 655 S.E.2d at 38 (quoting Street v. Consumers Mining Corp., 185 Va. 561, 575, 39 S.E.2d 271, 277 (1946)). "Whether the information filed with the commission is sufficient to construe a timely filed claim for a particular injury is a question of fact, and the commission's finding will not be disturbed on appeal if supported by credible evidence." Id.

The facts of this case are similar to the facts in Southers, and distinguishable from Shawley v. Shea-Ball Construction Company, 216 Va. 442, 219 S.E.2d 849 (1975). In Southers, claimant reported falling on her left shoulder. Southers' employer accepted as compensable the injury to her shoulder. "[C]ontemporaneously with the accident and prior to the expiration of the statute of limitations, claimant 'consistently complained of pain in the lateral section of her [left] shoulder, which at times included *neck pain and radiation . . . up the neck*.'" Southers, 51 Va. App. at 129, 655 S.E.2d at 39 (alteration in original). There, we concluded that employer had timely notice of claimant's assertion that she injured her left shoulder area, and claimant received treatment for her neck, an interrelated body part. In contrast, the Court in Shawley upheld "the commission's finding that a timely claim for injuries to an employee's left ankle and

- 4 -

right hip did not preserve a claim for injuries to his back and right ankle *where the medical records gave no indication of any injuries to the back and right ankle until after the statute of limitations had passed*." Id. at 128, 655 S.E.2d at 39 (emphasis added).

Here, as in Southers, claimant did not suffer injuries to two separate body parts. Claimant complained of and was treated for pain in the upper back, including the "scapular region" and "trapezius" following his workplace injury.[4] Moreover, although the language of the November 28, 2006 award states only that claimant's injury to the back is compensable, we agree with the conclusion in Deputy Commissioner Diamond's dissenting opinion that

> [t]he injury in this case has always been identified as an injury to the thoracic spine. The claimant's pain originates in the upper right back.
>
> The nature of the injury is muscular rather than a surgical disc problem. *Whereas discs and bone may be separate, muscles are not.*
>
>   *  *  *  *  *  *  *
>
> I do not agree that the doctors should be prohibited from performing necessary treatment for the claimant's back injury simply because of the anatomical reality that the upper back muscle is connected to the muscles of other regions.

(Emphasis added). As such, we conclude the commission's finding that the UEF is not liable for the medical treatment claimant received from Johns Hopkins Physical Medicine and Rehabilitation and Atlantic Physical Therapy for his neck and right shoulder pain is not supported by credible evidence.

---

[4] The "scapular region" includes the area around "the shoulder blade; the flat triangular bone in the back of the shoulder in a man . . . ." Webster's New Universal Unabridged Dictionary 1617 (2d ed. 1983). The trapezius is defined as "either of a pair of large muscles of the back and neck, which draw the head backward or sidewise, rotate the scapula . . . ." Id. at 1942.

## III. CONCLUSION

We reverse the decision of the commission, and remand to the commission for a ruling consistent with this opinion.

<u>Reversed and remanded.</u>