## Staunton.

PHILLIPS v. THE RECTOR AND VISITORS OF THE UNIVERSITY OF
VIRGINIA AND OTHERS.

SEPTEMBER 27, 1899.

Absent, Keith, P.

1. MECHANIC'S LIENS—*Public Property.*—Public property used for public
purposes is not liable to sale for the payment of debts, and hence
a mechanic's lien cannot be asserted upon it unless expressly
authorized by law.
2. MECHANIC'S LIENS—*Public Property—University of Virginia.*—The Uni-
versity of Virginia is controlled through a public corporation created
for the purpose, is a public institution, governed and controlled
by the State, and its grounds and buildings are the property of the
State, used for public purposes, and no mechanic's lien can be
claimed upon them.
3. MECHANIC'S LIENS—*University of Virginia—Special Act Providing for
Deed of Trust.*—The fact that "The Rector and Visitors of the
University of Virginia" was given authority to borrow money and
issue bonds therefor, to be secured by a deed of trust on the property
of the University, to enable it to erect other buildings in the place
of those destroyed by fire, constitutes no authority to the contractor,
sub-contractor, or other person, who did the work or furnished the
materials therefor, to assert a mechanic's lien upon the buildings
erected with the money so borrowed. The act authorizing the deed
of trust was intended solely for the benefit of the lender of the
money. No other lien was provided for.

Appeal from a decree of the Circuit Court of Albemarle
county, pronounced May 20, 1899, in a suit in chancery, wherein
the appellant was the complainant, and the appellees were the
defendants.

*Affirmed.*

*George Perkins* and *Jo. Lane Stern,* for the appellants.

*John B. Moon* and *Duke & Duke*, for the appellees.

RIELY, J., delivered the opinion of the court.

This suit was instituted to enforce a mechanic's lien asserted on buildings of the University of Virginia.

It is a well settled rule that public property used for public purposes is not liable to sale for the payment of debts. To allow it to be sold would thereby annihilate the public uses. For this reason, public policy forbids a lien on public property. A lien upon property implies the right to sell it for the payment of the lien, but public property not being liable to be sold for the payment of debts, a mechanic's lien cannot be asserted upon it, unless expressly authorized by law. This is the general current of decisions. Phillips on Mechanic's Liens, sec. 179; 2 Dillon on Mun. Corp., sec. 577; *Lessard* v. *Town of Revere* (Mass.), 50 N. E. 533; *Hovey* v. *Town of East Providence* (R. I.), 20 Atl. 205; *Thomas* v. *Illinois Ind. University,* 71 Ill. 312; *Patterson & Co.* v. *Penn. Ref. School,* 92 Pa. St. 229; and *First Natl. Bank of Idaho* v. *Malheur County,* 35 L. R. A. 141 and note.

In Boisot on Mechanic's Liens, sec. 308, the law on this subject is thus stated:

" There can be no mechanic's lien on public property, unless the statute creating such lien expressly so provides, since such a lien would be contrary to public policy, and would also be incapable of enforcement, public property not being subject to forced sale. For this reason there can be no mechanic's lien on a court-house, nor on county buildings generally. * * * * Public school buildings are also exempt from mechanic's liens. And there can be no mechanic's lien on such public institutions as the Illinois Industrial University, the Nebraska State Lunatic Asylum, the Pennsylvania Reform School, and Girard College."

And in 2 Jones on Liens, sec. 1375, the law is similarily stated. " On grounds of public policy, the mechanic's lien laws," it is there said, " do not, in the absence of express provisions, apply to public buildings erected by States, counties, and towns for public uses.  School houses erected for the use of public schools come within this exemption. * * * * * Such buildings are exempt from attachment, and from sale upon execution, and for the same reason are exempt from liens which might result in an adverse sale."

.In *Manly Man. Co.* v. *Broaddus*, 94 Va. 547, Keith, President, speaking for the court, said: " The Board of Supervisors cannot give a lien upon a public building, nor does the contractor, nor do those who furnish materials, nor the artisans employed in its construction acquire a lien of any kind upon it."

And in *Hicks* v. *Roanoke Brick Co.*, 94 Va. 747, it was said: " It is contrary to public policy to allow a lien to be acquired on public property, and the mechanic's lien laws do not apply to public buildings erected by States, cities, and counties for public uses, unless the statute creating the lien expressly so provides."

The mechanic's lien laws of this State do not, in terms, embrace public buildings or structures, and, therefore, under the law, as generally expounded, a mechanic's lien cannot be acquired on buildings erected by the State, its counties, or cities, for public uses.  The inquiry, then, is as to the nature of the University of Virginia.  Is it a public or private institution, and are its grounds and buildings public or private property?

The University of Virginia was established by the General Assembly, and the land upon which its buildings stand was acquired by the State through the conveyance from the Central College in Albemarle county to the president and directors of the literary fund.  The money to defray the expenses of procuring the land, erecting the buildings, and permanently endowing the University was appropriated by the General Assembly. Large appropriations out of the public treasury have been and

still continue to be annually made for its support by the General
Assembly.   And all white students of the State of Virginia, over
the age of sixteen years, are entitled to receive instruction in the
academic department of the University without charge of tuition.
1 Rev. Code, p. 90, ch. 34; p. 89, ch. 33, sec. 20; Supplement
to Rev. Code, p. 44, ch. 29, ch. 30; p. 46, ch. 32; p. 46, ch. 33;
p. 47, ch. 34; and Code of 1887, ch. 68.

The University, from its foundation, has been wholly gov-
erned, managed, and controlled by the State through a corpora-
tion created for the purpose, under the style and title of " The
Rector and Visitors of the University of Virginia," which is a
public corporation, without capital or stockholders, and private
individuals have no interest in or control over it. The Visitors
composing the corporation were originally appointed by the
Governor, with the advice of the Council, and are still period-
ically appointed by him, by and with the consent of the Senate.
The Rector is chosen by the Visitors from their own body.   The
Rector and Visitors were originally required to make a report
annually to the president and directors of the literary fund, to
be laid before the General Assembly, embracing a full account
of the disbursements, the funds on hand, and a general statement
of the condition of the University.   This report is still required
to be made, but now directly to the General Assembly.   1 Rev.
Code, p. 90, ch. 34; and Code of 1887, ch. 68.

From the time the University was established down to the
present, the law has expressly provided that the Rector and
Visitors should be at all times subject to the control of the
General Assembly, and should conform to such laws as it might,
from time to time, enact for their government.   And they are
expressly prohibited from contracting any debt whatever on
account of the University without the consent of the General
Assembly previously obtained.   1 Rev. Code, ch. 34, sec. 9;
and Code of 1887, sec. 1554.

It is plain that the University of Virginia is in the strictest  ·

sense a public institution, and that its grounds and buildings are public property, the property of the State; that it is governed and controlled solely by the State; that its grounds and buildings are wholly dedicated to public uses; and that the interest of the public constitutes its ends and aims.

The fact that the Rector and Visitors of the University of Virginia were given authority by the act of January 23, 1896, to borrow money and issue bonds therefor, to be secured by a deed of trust on the property of the University, to enable them to erect other buildings in the place of those destroyed by fire, and that the mechanic's lien was asserted by the appellant on the buildings so erected, does not alter the case. The principle is the same. The buildings were erected on the grounds of the University, the property of the State, and were erected for public purposes, and are so used. The General Assembly, by the very act that gave the Rector and Visitors the authority to borrow money with which to restore the buildings, in addition to the regular annual appropriation, made an additional annual appropriation for the sole purpose, and no other, of paying the interest on the bonds as it should accrue, and of providing a sinking fund for the redemption of the principal. The authority to the Rector and Visitors to secure the loan by a deed of trust on the property held by the University constituted no authority to the contractor, sub-contractor, or other person, who did the work or furnished materials therefor, to assert a mechanic's lien upon the buildings erected with the money so borrowed. No provision was made for any lien other than the deed of trust, which was wholly intended as security for the lender of the money, and not directly or indirectly for the benefit of any one who might do the work or furnish materials for it.

The Circuit Court did not err in sustaining the demurrer of the appellee and dismissing the bill. Its decree is affirmed.

*Affirmed.*