# CIRCUIT COURT OF THE CITY OF RICHMOND

Michelle Rucker

 v.

Charles L. Wells, Jr.
and City of Richmond, etc.

January 31, 1997

Case No. LB-1665-4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on a plea of workers' compensation. The motion for judgment alleges that plaintiff, Michelle Rucker, and defendant Charles L. Wells, Jr., were employees of defendant City of Richmond in the city's street maintenance department. Wells was Rucker's immediate supervisor. The motion for judgment further alleges that because Rucker was the only female employed in street maintenance, Wells was more critical of her work than he was of the work of male employees. Rucker complained about the disparate treatment to Curtis Cuthbertson, the "overall" supervisor of her section.

In April, 1995, Rucker and other employees were assigned to debris clean-up in the Highland Park area of Richmond. Cuthbertson came to the worksite and Rucker again complained to him about what she considered to be the disparate treatment she was receiving from Wells. Cuthbertson took Rucker away from the worksite and told her she "would have to get used to the guys."

On May 5, 1995, when Rucker, Wells, and Cuthbertson were together, Wells demanded that Cuthbertson have a meeting to discuss what Wells contended was Rucker's negative attitude. During the discussion, Wells, "who was already angry, approached Rucker and put his finger in her face accusing her of being a negative employee." Rucker told Wells to take his hand "out of her face," and when Wells refused, Cuthbertson intervened and instructed

Wells to take his hand "out of" Rucker's face. Wells began cursing at Rucker, at which time Cuthbertson said he would have a meeting to try to resolve the hostility between them. When Cuthbertson left the room to secure a meeting place, Wells, "who was extremely upset and angry," told Rucker that if she talked to him like she did in Highland Park, he was going to "slap the s---" out of her and that she would be "picking her black a-- up off the pavement because my wife don't talk to me that way." When Rucker told Wells he was not going to do anything to her, Wells, who had purchased a can of soda from a soda machine, threw the full can of soda at Rucker "with great force and anger," striking Rucker in the chest and injuring her. Cuthbertson, still according to the motion for judgment, was made aware of the incident but did nothing about it. Rucker is now suing Wells and the City for assault and battery.

In order for an injury to be compensable under the Virginia Workers' Compensation Act, Va. Code § 65.2-100 *et seq.*, it must be "by accident arising out of and in the course of … employment or occupational disease …." Va. Code § 65.2-101. If an injury is covered by the Act, then the Act's coverage is exclusive; that is, the injured employee may not sue the employer or fellow employees for the same injury. § 65.2-307. In order to determine whether the present plea should be sustained, then, it is necessary to determine whether Rucker's injury is covered by the Act. The court holds that it is.

It has long been the law in Virginia that assaults by co-workers may be covered by workers' compensation. As early as 1926, the Supreme Court of Virginia, finding that the murder of one employee by another employee arose out of the employment, affirmed an award under the Act to the wife of the murdered employee. *Farmers Mfg. Co. v. Warfel*, 144 Va. 98, 131 S.E. 240 (1926). In *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 172 S.E. 264 (1934), the Court said:

> [I]t is now well settled by unanimity of decisions, both in England and in this country, that although the injury is the result of the willful and intentional assault of either a fellow-employee or a third person, this fact does not prevent the injury from being accidental within the meaning of the act.

161 Va. at 759.

This is still the law. *See, e.g., Richmond Newspapers v. Hazelwood*, 249 Va. 369, 372, 457 S.E.2d 56 (1995); *Metcalf v. A. M. Express Moving*, 230 Va. 464, 467, 339 S.E.2d 177 (1986); *A. N. Campbell & Co. v. Messenger*, 171 Va. 374, 377, 199 S.E. 511 (1938). In *Campbell*, the Court reiterated the

test found in *Continental Life Ins. Co. v. Gough, supra,* for determining whether an assault is compensable:

> "[I]f the assault was personal to the employee and was not directed against him as an employee, or because of his employment, then the injury is not compensable. In other words, simply because the employee sustains injury from an assault made upon him by a third party does not entitle him to compensation; he must go further and prove that the assault was directed against him as an employee, or because of his employment; that is, that it arose out of as well as in the course of his employment."

171 Va. at 377-78 (*quoting Gough, supra,* 161 Va. at 759-60). *Gough* and *Campbell* involved appeals from the Industrial Commission, now the Workers' Compensation Commission, where the injured employee has the burden of proving coverage. Even though it is the City of Richmond which is trying to prove coverage here, the rules are the same.

The meaning of the phrases "arising out of" and "in the course of" employment are also well settled. An accident arising in the course of employment is one which occurs "within the period of employment, at a place where the employee may reasonably be expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." *Metcalf v. A. M. Express Moving, supra,* 230 Va. at 468 (*quoting Baggett & Meador Cos. v. Dillon,* 219 Va. 633, 637, 248 S.E.2d 819 (1978)).

On the other hand, an accident arises out of the employment "when the injuries or cause of the injury relates to the employment. There must be a causal connection between the employee's injury and the conditions under which the work is required to be performed .... An injury resulting from an accident arising out of the employment:

> "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant."

*Metcalf, supra,* 230 Va. at 468 (*quoting Bradshaw v. Aronovitch,* 170 Va. 329, 335, 196 S.E. 684 (1938), *which in turn was quoting In re McNicol,* 215 Mass. 497, 499, 102 N.E. 697 (1913)).

In an assault case claimed to arise out of the employment, "the necessary causal connection may be established if the evidence shows that the attack was directed against the claimant as an employee [or] because of the employment ... ." *City of Richmond v. Braxton,* 230 Va. 161, 165, 335 S.E.2d 269 (1985). This test, as well as the others set out above, leave no doubt that the present plaintiff's injury is covered by the Act.

Rucker was injured at work, while working, and while meeting with or waiting to meet with her supervisors to discuss work-related matters. Her injury, then, clearly arose in the course of her employment. It also arose out of her employment. Wells did not throw the can of soda at Rucker as part of some misguided protest against society, or to rob Rucker, or because of some personal, non-job-related grudge. He threw the can of soda at her because of a series of events which were unequivocally and exclusively related to his and Rucker's employment. Their being in the same place together, their hostile, verbal exchange, and the alleged assault all grew out of events solely related to their work environment. They were not "personal" events; they were job-related events. Under all of the cases cited above and others, Wells' assault and Rucker's injury arose out of Rucker's employment with the City of Richmond.

Rucker argues that the employment-related nature of the event on the day of the assault was broken by the intervention of Cuthbertson, the general supervisor; that is, when Cuthbertson said he was going to look for a meeting place, the hostility between Rucker and Wells was no longer job-related. The court rejects that argument. Cuthbertson, too, was Rucker's co-worker, and he was not trying to resolve Rucker's and Wells' dispute out of some desire to serve humanity. He was doing it as part of his job. Rucker had complained to Cuthbertson about Wells' treatment of her, Cuthbertson had observed Wells' putting his finger "in Rucker's face," and Cuthbertson was going to try to resolve their dispute. His action, like all of the other events set out in the motion for judgment, arose out of and in the course of Rucker's employment with the City. The exclusivity provision of the Workers' Compensation Act bars plaintiff's civil action.

Finally, the court notes that Rucker applied for and received workers' compensation for the injury complained of here. While the Commission's decision is not binding on the court, it is interesting that Rucker herself has argued that her injury is compensable.