# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 5, 2020          Decided November 24, 2020

No. 19-7029

TESHOME WORKAGEGNEHU,
APPELLANT

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,
ALSO KNOWN AS WMATA, ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-00526)

———

*Larry G. Ward* argued the cause and filed the briefs for appellant.

*M. Richard Coel* argued the cause and filed the brief for appellees.

Before: ROGERS and MILLETT, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Workers' compensation statutes balance the interests of injured employees in receiving compensation without proving fault with the interests of employers in avoiding blockbuster damages awards. Reflecting that balance, such laws usually prohibit tort recovery for on-the-job injuries. Teshome Workagegnehu seeks damages from WMATA for an assault he suffered while working, unsatisfied with a workers' compensation order to which he previously stipulated. The district court held that Workagegnehu's assault arose out of his employment and accordingly dismissed his suit. We agree and affirm.

## I.      BACKGROUND

Teshome Workagegnehu and Martin Van Buren, both WMATA employees, were in a Metro station kiosk in Arlington, Virginia when a customer approached and asked for help with using the SmarTrip vending machine. Van Buren swore at and dismissed the customer. When the customer became flustered, Workagegnehu volunteered to help since he was going to maintain the machines anyway. Van Buren told Workagegnehu not to touch the machines, but Workagegnehu thought he was joking. Workagegnehu helped the customer, performed his maintenance, and then returned to the kiosk. Van Buren told Workagegnehu it was not his responsibility to help customers, and a brief verbal exchange followed as to each person's job responsibilities.

While the two discussed their job responsibilities, Van Buren suddenly attacked Workagegnehu. Van Buren pinned Workagegnehu to the ground and punched him until he was unconscious. As Workagegnehu awoke, Van Buren said they

should stop fighting because they would lose their jobs. But when Workagegnehu stood to leave, Van Buren attacked him again. Several customers and other employees saw the incident. Police arrived and arrested Van Buren, who was later convicted of assault. Workagegnehu sustained severe injuries and required hospitalization.

Faced with substantial hospital bills, Workagegnehu sought compensation through workers' compensation and in district court. Workagegnehu first tried to recover through the Virginia Workers' Compensation Commission. Six weeks later, Workagegnehu sued WMATA and its general manager, Paul Wiedefelt, for assault and battery as well as intentional infliction of emotional distress in the District Court for the District of Columbia.[1] Thereafter, Workagegnehu and WMATA stipulated to a workers' compensation order in the Virginia proceeding eight days after he filed his complaint in the district court. Workagegnehu continued to pursue his district court claim, despite the stipulated order. The defendants moved to dismiss Workagegnehu's suit for lack of subject matter jurisdiction and failure to state a claim. The district court concluded that it had jurisdiction to hear Workagegnehu's claims but granted the motion to dismiss for failure to state a claim. In particular, the district court held that Virginia's Workers' Compensation Act barred Workagegnehu's claim because his injury arose out of his employment. Workagegnehu appeals the dismissal for failure to state a claim.

---

[1] Workagegnehu also sued Van Buren, but later stipulated to the dismissal of the claims against him.

**II.    DISCUSSION**

We review dismissals for failure to state a claim de novo, accepting Workagegnehu's factual allegations as true and drawing all reasonable inferences in his favor. *Momenian v. Davidson*, 878 F.3d 381, 387 (D.C. Cir. 2017).

The Virginia Workers' Compensation Act obligates "[e]very employer and employee . . . to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment." VA. CODE ANN. § 65.2-300(A).[2]   The compensation that the workers' compensation scheme promises "exclude[s] all other rights and remedies." *Id.* § 65.2-307(A).   So if Workagegnehu's injuries were an "accident arising out of and in the course of [his] employment," Virginia law bars his claims.   "The Virginia Workers' Compensation Act applies to injuries by accident 'arising out of and in the course of' an individual's employment." *Butler v. S. States Coop., Inc.*, 620 S.E.2d 768, 772 (Va. 2005) (quoting VA. CODE ANN. § 65.2-300).   "When an employee sustains such an injury, the Act provides the sole and exclusive remedy available against the employer." *Id.*

There is no dispute in this case that Workagegnehu's injuries arose "in the course of" his employment.   The only question is whether the incident "arose out of" his employment. An assault constitutes an accident arising out of employment when it is directed against the employee as an employee or because of his employment, rather than against him personally. *Butler,* 620 S.E.2d at 772.   While assaults are often personal, they are not necessarily so.   If a coworker assaults a fellow employee because of a workplace dispute about, for instance,

---

[2] The district court sub silentio applied Virginia law.  Neither we nor either party disputes the correctness of that application.

how the employee performed her work, or what the scope of her responsibilities are, then injuries from that assault arise out of employment. *See id.* For example, in *Rucker v. Wells*, 41 Va. Cir. 340 (Va. Cir. Ct. 1997), the court found that a supervisor's physical assault on an employee arose out of her employment when the supervisor attacked her during a conversation about her "negative attitude." *Id.* at 340. The assault arose out of her employment because her supervisor "did not throw the can of soda at Rucker as part of a misguided protest against society, or to rob Rucker, or because of some personal, non-job-related grudge. He threw the can of soda at her because of a series of events which were unequivocally and exclusively related to his and Rucker's employment." *Id.* at 343. In contrast, the court in *Butler* held that a coworker's sexual assault of an employee was personal, rather than arising out of employment, because it resulted from the coworker's "asserted personal attraction" and could not "fairly be traced to her employment as a contributing proximate cause." 620 S.E.2d at 772-73.

Van Buren directed his assault at Workagegnehu as an employee. Van Buren first swore at Workagegnehu because Workagegnehu sought to help a customer and maintain ticket machines, both aspects of his work. The assault began in a WMATA kiosk while the two men discussed their job responsibilities. Just as in *Rucker*, "their being in the same place together, their hostile, verbal exchange, and the alleged assault all grew out of events solely related to the work environment." 41 Va. Cir. at 343. Workagegnehu argues that *Butler* compels a different conclusion, but that case is distinguishable because the employee there suffered a sexual assault that was animated by personal feelings, not workplace matters. *Butler*, 620 S.E.2d at 772-73; *see also Hilton v. Martin*, 654 S.E.2d 572, 574-75 (Va. 2008) (co-worker's application of charged defibrillator to another employee arose

out of personal motivation, not employment). The manner in which Workagegnehu carried out his duties motivated Van Buren's assault—the coworker in *Butler* lacked a similar, employment-based motive. *See* 620 S.E.2d at 772. And so the Virginia Workers' Compensation Act bars Workagegnehu's claims.

The fact that Workagegnehu already agreed to a workers' compensation award and stipulated that his injuries arose from a work-related accident reinforces our conclusion. Workagegnehu "accepted the provisions of" the Virginia Workers' Compensation Act, "exclud[ing] all other rights and remedies." VA. CODE ANN. § 65.2-307(A). The Virginia workers' compensation scheme provides employees with legally guaranteed compensation in exchange for the employer's immunity from suit. *Whalen v. Dean Steel Erection Co.*, 327 S.E.2d 102, 106 (Va. 1985). It would fatally undermine that scheme to allow plaintiffs to secure an award from the workers' compensation commission and then try to get a larger one in court.

WMATA presses us further, arguing that the exclusivity provision in Virginia's workers' compensation statute deprived the district court of subject matter jurisdiction. We disagree. To be sure, under Virginia law the exclusivity provision deprives Virginia courts of subject matter jurisdiction when it applies. *Jones v. Commonwealth*, 591 S.E.2d 72, 76 (Va. 2004); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 650 (4th Cir. 1999) (affirming dismissal for lack of subject matter jurisdiction when Virginia's workers' compensation bar applied). But "[o]nly Congress may determine a lower federal court's subject matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). Congress did so in the WMATA Compact, granting concurrent original jurisdiction over claims against WMATA to the district courts in the D.C. area. Pub. L. No.

89-774, § 81, 87 Stat. 1324, 1350 (1966). The Compact's provisions on liability and indemnification confirm the limited role of state law: WMATA "shall be liable for its contracts and for its torts . . . in accordance with the law of the applicable" state. *Id.* § 81, 87 Stat. at 1350. State law is relevant to determine the merits of Workagegnehu's claims, but it has no bearing on whether the district court has jurisdiction to adjudicate Workagegnehu's claims.

\* \* \*

The judgment of the district court is affirmed.