GRANITE SAND AND GRAVEL COMPANY *v.* WILLOUGHBY
ET AL.

[No. 10,492.   Filed May 8, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation Acts.—Construction.—Injuries Arising Out of and in Course of Employment.*—Workmen's compensation acts should be given a broad and liberal construction in determining whether an accident producing an injury arose out of and in course of the employment. p. 115.

2. MASTER AND SERVANT.—*Injuries to Servant.—Workmen's Compensation Act.—Injuries in Course of Employment.*—An injury occurs in the course of the employment, within the meaning of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), when it occurs within the period of the employment at a place where the employe may reasonably be, and while he is reasonably fulfilling the duties of his employment or is engaged in doing something incidental to it. p. 115.

3. MASTER AND SERVANT.—*Injuries to Servant.—Workmen's Compensation Act.—Injuries Arising Out of and in Course of Employment.*—Where an employe, engaged in picking out sticks and foreign substances from gravel loaded into railroad cars by the employer, remained in a car while it was being moved away from the loading chute in order to permit the removal of a loaded car, and was thrown out of such car while it was being switched, the accident causing the injury arose out of and in course of the employment.  p. 115.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by George Willoughby and others against the Granite Sand and Gravel Company.  From an award for applicants, the defendant appeals.  *Affirmed.*

*Joseph W. Hutchinson,* for appellant.
*Salem D. Clark,* for appellees.

NICHOLS, J.—This was an application by the appellees as dependents of Cecil Willoughby against the appellant for the adjustment of their claim for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns 1914, wherein it was claimed that said Cecil Willoughby died as a result of an injury arising out of and in the course of his employment by appellant.

As appears by the board's findings, the material facts are that: On June 15, 1918, one Cecil Willoughby was in the employment of the defendant at an average weekly wage of $18; that at said time the defendant was engaged in the operation of a gravel pit from which it was shipping gravel; that leading from a main railroad track a switch led into the premises occupied by the defendant and over which it shipped gravel; that the defendant loaded cars by

means of a chute through which it conveyed the gravel into the cars; that as cars were thus loaded they were pushed down the switch and away from the main track, and another car was brought under the chute for the purpose of loading; that because of such position of cars it became necessary when loaded cars were to be removed at a time when a car was in the process of loading to remove such car from under the chute in order that the loaded cars might be removed; that as the gravel was conveyed into the car the defendant had employes therein to pick out dirt, sticks, and foreign substances; that the said Cecil Willoughby was employed for such service on June 15, 1918, was engaged therein, and in the discharge of said duties was standing in a car picking out sticks, dirt and foreign articles from the gravel that was being conveyed therein through the chute; that while the said Cecil Willoughby was so engaged the railroad switching crew desired to remove the loaded cars; that in company with another employe, who was also working in the car with him, the said Cecil Willoughby got out and assisted to raise the chute so that the cars could be removed; that after raising the chute the said Cecil Willoughby re-entered the car in which he had been working, and while said car was being switched by the railroad switching crew the said Cecil Willoughby was accidently thrown out of said car, which ran over his body, inflicting injuries which resulted in his death on said date; that the defendant had at no time instructed the said Cecil Willoughby that he should not remain in the car in which he was employed to work when it was being switched; that the defendant had actual knowledge of the injury and the death of the said Cecil Willoughby at the time of

the occurrence; that the said Cecil Willoughby left surviving him the appellees as his dependents.

On these findings there was an award against the appellant of 300 weeks' compensation at the rate of $9.90 per week, beginning June 15, 1918, and an order to pay burial expenses not to exceed $100. From this award an appeal was prayed, and granted to this court. The only error relied upon for reversal is that the award of the full board in said cause is contrary to law.

It has been held by the courts elsewhere, as well as in this state, that the workmen's compensation acts should be liberally construed, and should be given a broad and liberal construction in order that the humane purposes of their enactment may be realized, and this is certainly true in determining whether an accident that produced injury arose out of and in due course of the employment. *Holland, etc., Sugar Co.* v. *Shraluka* (1917), 64 Ind. App. 545, 116 N. E. 330. An injury occurs in the course of the employment, within the meaning of the Compensation Act, when it occurs within the period of the employment, at a place where the employe may reasonably be, and while he is reasonably fulfilling the duties of his employment, or is engaged in doing something incidental to it. *In re Ayers* (1918), 66 Ind. App. 458, 118 N. E. 386; *Fairbank Co.* v. *Industrial Comm.* (1918), 285 Ill. 11, 120 N. E. 457.

In this case, the employe's duties require him to work inside of a railroad car standing on a switch, at a chute from which the car was being loaded. It became necessary to remove the car from the chute in order that certain cars behind it might

be taken away.   After assisting in lifting the chute, he re-entered the car and stayed with it while it was away from the chute, until he was injured.   He was in the place where his duties required him to be, and ready to commence them as soon as his car was reset at the chute.   The appellant by its superintendent knew that sometimes the men remained in the car, but never gave them any instructions concerning what they should do while the car was being moved.   No instructions were given to the decedent as to what he should do while his car was being moved, though such conduct could have been prohibited if deemed improper.   It is not unreasonable that he believed, and we hold that he had a right to believe, that he was in his proper place when he was in the car where his duties required him to be as soon as the car was in proper position again.   We hold that Cecil Willoughby received the injury that resulted in his death, while in the due course of his employment, and that his injury and death grew out of his employment.

The award of the Industrial Board is affirmed, with five per cent. penalty as provided by statute.