# Richmond

A. N. CAMPBELL & COMPANY V. W. DONALD MESSENGER.

November 21, 1938.

Record No. 1999.

Present, All the Justices.

The opinion states the case.

*Baldwin & Graves,* for the appellants.

*C. Carter Lee,* for the appellee.

HOLT, J., delivered the opinion of the court.

In November, 1936, A. N. Campbell & Company were operating a quarry in Franklin county. At about nine o'clock on the seventeenth of that month, W. Donald Messenger, while in its employment, was shot by R. T. Guilliams. Messenger applied to the Industrial Commission for compensation. It was of opinion that he was entitled thereto and so ordered. From that order comes this appeal.

■ By statute, Code 1936, section 1887(2) (d), recovery may be had for accidental injuries arising out of and in the course of the employment.

The amount of compensation is not questioned, and it is conceded that when Messenger was injured, he was in the employment of Campbell & Company. We are to determine if this injury arose out of the employment.

■ Certain rules have become so well established that they may now be dealt with as canons of construction. This Workmen's Compensation Act, Code 1936, section 1887(1) *et seq.*, is highly remediable and so must be liberally construed. This principle is to be constantly remembered. But it is also true that a plaintiff must prove his case. The burden of doing this rests upon him, as it rests upon all other plaintiffs. No judgment should stand unless it is adequately supported by competent testimony.

In *Crews* v. *Moseley Bros.*, 148 Va. 125, 138 S. E. 494, this court said:

"Before a recovery may be had in this case, the burden is upon the claimant to prove by a preponderance of the evidence that the deceased, Stewart Robertson, suffered an accident arising out of and in the course of his employment. While it is always the endeavor of the courts to construe the compensation statute liberally, in order to carry out its beneficent purpose, it must not be overlooked that liability cannot rest upon imagination, speculation, or conjecture, but must be based upon facts established by the evidence and so found by the Commission."

■ Courts are liberal in construing the word "accident." That which will sustain a recovery is an injury which can be traced to the employment as a cause. Even murder may be an accident. *Farmers' Mfg. Co.* v. *Warfel*, 144 Va. 98, 131 S. E. 240. The assault may be by a fellow-servant or by a stranger. *Continental Life Ins. Co.* v. *Gough*, 161 Va. 755, 172 S. E. 264. It was there said (page 266):

"The same authorities hold that if the assault was personal to the employee and was not directed against him as an employee, or because of his employment, then the in-

jury is not compensable. In other words, simply because the employee sustains injury from an assault made upon him by a third party does not entitle him to compensation; he must go further and prove that the assault was directed against him as an employee, or because of his employment; that is, that it arose out of as well as in the course of his employment."

To restate the statute, it is not enough that injury be suffered during the course of employment, but it must, during that period, arise out of it. For example, there could be no recovery if Guilliams shot Messenger because they disagreed about the tariff.

When we come to examine the evidence more in detail, we are to remember that findings of facts by the Commission are binding upon this court, if they are sustained by credible evidence.

Those facts which are pertinent and which are not in dispute are these:

Messenger had taken a battery from the foreman's car to be used in setting off an explosive. He then started around the car, down a public road in the direction of and towards his company's operations, when Guilliams said to him, "Don't go down this road any farther." Immediately thereafter Guilliams shot him three or four times, once after he had fallen to the ground. He had never had any talk with Guilliams and did not know why he was shot, although he said that Guilliams, who had been a justice of the peace, at one time reported him to the county authorities for playing poker. He also said that he understood that he had been reported by Guilliams for working on Sundays but knew nothing about it himself. A witness, Gleason, said: "I talked with the injured, and he said that, so far as he knew, the argument arose out of a poker game; and the business of working on Sunday never came to my ears until the present time."

All that the evidence tells us is that men worked for this quarry company on Sundays and when not at work sometimes indulged in a game of poker. Both of these

customs were distasteful to some of the neighbors, among whom was Guilliams. But Guilliams has refused to testify, and no witness has undertaken to say what brought about the shooting; the plaintiff himself tells us that he does not know. If Guilliams shot Messenger because the latter had worked on Sunday for Campbell & Company, a recovery should be sustained. This is conceded in the petition for appeal, where it is said:

"Our construction of the law as applied to the instant case, frankly, is, that if the shooting resulted from religious prejudice of the assailant aroused by the employment of claimant in labor on the Sabbath day, then his injury arose out of his employment and was compensable; * * * ."

■ On the other hand, we think it plain that poker playing had nothing whatever to do with Messenger's employment. Certainly Campbell & Company never authorized it and, so far as this record shows, had no knowledge of any such habit or custom.

Without more, we have a case in which, by possibility, liability might follow from a cause for which Campbell & Company was responsible. Another equally plausible cause has been suggested, from which no liability could be established.

■ "When damages are claimed for injuries which may have resulted from one of two causes, for one of which the defendant is responsible, and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause. And he must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by the preponderance of evidence." *Norfolk & W. Ry. Co.* v. *Poole's Adm'r,* 100 Va. 148, 40 S. E. 627; *Pearcey* v. *St. Paul Fire & Marine Ins. Co.,* 163 Va. 928, 177 S. E. 843. This principle is as applicable to Workmen's Compensation cases as it is to other cases. *Hahn* v. *Industrial Commission,* 337 Ill. 59, 168 N. E. 652.

Ordinarily injuries received by an employee, while going to or coming from work, are not compensable. *Dreyfus & Co.* v. *Meade,* 142 Va. 567, 129 S. E. 336; *Kent* v. *Virginia-Carolina Chemical Co.,* 143 Va. 62, 129 S. E. 330, 331.

But to this rule there are certain exceptions:

"An injury occurs in the course of the employment, within the meaning of the Compensation Act, when it occurs within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment, or is engaged in doing something incidental to it." *Granite Sand & Gravel Co.* v. *Willoughby,* 70 Ind. App. 112, 123 N. E. 194.

Plainly a workman who had been to lunch during the noon hour, who found himself involved in a strike, who was told that he could not go back to work, and who was injured in an attempt to pass a picket, would have been injured in the course of his employment.

In such a case, the reasons which control the picket would be unimportant. To apply this principle to the instant case, if Guilliams told Messenger he could not go back to work at the place of his employment and shot him because his warning was disregarded, there should be a recovery. But no evidence supports such a conclusion. It rests upon speculation and conjecture. Certainly we can not assume as proven, that Guilliams was unwilling for Messenger to continue to work for Campbell & Company because he had once worked for it on Sunday, or because he had played poker in off hours.

Many men worked at this quarry. Why was vengeance visited upon Messenger alone?

It comes back to this: The plaintiff must prove his case, and as an essential part of it, he must prove causal connection between the employment and the shooting. This proof must go beyond conjecture.

The judgment appealed from should be reversed, and it is so ordered.

*Reversed.*