## CIRCUIT COURT OF THE CITY OF NORFOLK

Cynthia E. McDougal

    v.

Robert Critell and
Luther's Bar-B-Que, Inc., of Texas

January 8, 1985

Case No. (Law) L-84-2025

### By JUDGE JOHN W. WINSTON

Luther's Bar-B-Que, Inc., of Texas, has demurred to Mrs. McDougal's amended Motion for Judgment on the ground that as pled her exclusive remedy is under the Virginia Workmen's Compensation Act, Virginia Code § 65.1-1 et seq. This court agrees.

She seeks damages from Luther's alleging that while both Robert Critell and herself were employees of Luther's and while they were both in the performance of their employment duties he intentionally and negligently assaulted and battered her, his acts being willful, wanton, and vindictive and without her encouragement or inducement. She alleges also that Critell intentionally and maliciously telephoned her at home, over her protests and objections. All of these incidents are alleged to have occurred while he was acting within the scope of his employment by Luther's and to its knowledge. Finally, there is a separate allegation that Luther's is liable to her because it negligently hired and then retained Critell as its manager and employee.

Counsel for Mrs. McDougal argues that the workmen's compensation statute is not a bar to her suit for damages because Critell's acts were intentional rather than accidental and because her injuries did not arise out of her employment.

But the Supreme Court of Virginia has already ruled that the exclusive workmen's compensation remedy covers

intentional injuries to an employee which arise out of and in the course of the employment. *Farmers Mfg. Co.* v. *Warfel*, 144 Va. 98 (1926); *Fox* v. *Bach*, 156 Va. 609 (1931); *Lynchburg Steam Bakery, Inc.* v. *Garrett*, 161 Va. 517 (1933); *Continental Life Co.* v. *Gough*, 161 Va. 755 (1934); *A. N. Campbell & Co.* v. *Messenger*, 171 Va. 374 (1938); also see *Clayton* v. *City of Newport News* (Opinions of Industrial Commission of Virginia, 1982, vol. 61, page 112).

Here each of the allegations made in her pleading by Mrs. McDougal specifically place the intentional acts of Critell within the scope of their employment. Further, a reading of those allegations can lead only to the legal conclusion that his acts also arose out of the employment.

That Luther's allegedly knew of the hazard caused Mrs. McDougal by the hiring and retention of Critell does not destroy the causal connection between the employment and the injury. *Lynchburg Steam Bakery* v. *Garrett*, 161 Va. 517, 523 (1933).

[I] sustain Luther's demurrer without leave to amend.

(Since July 1, 1982, the statute has deemed a rape of or forcible sodomy upon an employee to be compensable. Virginia Code § 65.1-23.1. But that amendment does not alter the interpretation of what is covered, only simplifies the proof in the rape/forcible sodomy factual situation and reverses a 1981 O.I.C. decision.)