COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and Retired Judge Bumgardner*
Argued by teleconference


TY L. STILLWELL
                                                              OPINION BY
v.        Record No. 1357-05-3                      JUDGE ROBERT J. HUMPHREYS
                                                              JANUARY 24, 2006
LEWIS TREE SERVICE, INC. AND
 AMERICAN ZURICH INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            James B. Feinman (James B. Feinman & Associates, on brief), for
            appellant.

            (Iris W. Redmond; Midkiff, Muncie & Ross, P.C., on brief), for
            appellees.  Appellees submitting on brief.


        Appellant Ty Stillwell ("Stillwell") appeals a decision from the Virginia Workers'

Compensation Commission denying disability and medical benefits for a shoulder injury he

incurred during a fight with a co-employee.  Stillwell contends that the commission erroneously

determined that he was at least partially responsible for causing the fight and, thus, that the

so-called "aggressor defense" barred his recovery of benefits for that injury.  For the reasons that

follow, we hold that the commission did not err and, therefore, affirm the denial of benefits.

                        I.        BACKGROUND

        On appeal, we view the evidence and all reasonable inferences that may be drawn from

that evidence in the light most favorable to employer, the party prevailing below.  Clinchfield

Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003); Tomes v. James City

_____

        * Judge Bumgardner participated in the hearing and decision of this case prior to the
effective date of his retirement on December 31, 2005.

(County of) Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002). So viewed, the evidence in this case establishes the following.

Beginning in June of 2003, Stillwell worked as a groundsman and a bucket operator for appellee Lewis Tree Service ("employer"). Stillwell's specific job duties included cutting tree limbs away from power lines, cutting up trees "as they were put on the ground," and carrying wood. On September 30, 2003, Stillwell was working with Daniel Jones, a co-employee. The two men were part of a group of employees cutting down trees "to make a right-of-way for the power line." Stillwell and another employee were responsible for cutting the limbs off of the felled trees and moving the wood, and Jones was responsible for "bush hogging" the remaining debris. According to Jones, however, Stillwell did not want to move the wood after it had been cut. Thus, Jones got off of his tractor and informed Stillwell that, "if [Stillwell] wanted to grind the bush, he could do it" while Jones moved the rest of the wood. Stillwell then "[came] running over [] towards [Jones]," the two men "had a few words," and, when Jones "went to step back," Stillwell "swung and knocked [his] hard hat off." Jones then "grabbed" Stillwell, and the two men "fell to the ground and started rolling around and scuffling."

The foreman approached the two men and told them to "break it up." Jones got up, and the two men started "yelling back and forth." When Jones tried to walk away, Stillwell grabbed him around the neck, and the men tumbled to the ground. Jones landed on top of Stillwell, causing Stillwell to break his right shoulder. The foreman then called the office and was told to fire both men immediately for fighting on the job. The foreman, therefore, fired both Jones and Stillwell.

Jones, who had been working for employer for eight years, had never been involved in any previous, similar incidents. Thus, the foreman "begged" to rehire Jones because he was the

only person, other than himself, with a commercial driver's license. Employer allowed the foreman to rehire Jones.

By application dated October 30, 2003, Stillwell filed a claim for disability and medical benefits, alleging that the injury to his right shoulder was incurred when a "co-worker attacked [him] on [the] job site." Employer denied the claim, asserting that Stillwell's injury was caused by "willful misconduct," specifically, "violat[ing] a known safety rule" by "fight[ing] at work."

During the hearing before the deputy commissioner, Stillwell testified that, on the day of the fight, Jones had criticized Stillwell's work by stating that Stillwell "didn't know what [he was] doing." Stillwell responded that, "if [he was] doing such a bad job that he could come over and he could do it." Stillwell testified that he then "turned around and [Jones] had pulled the tractor behind [Stillwell] and jumped off and was standing there, he was all red in the face and mad." According to Stillwell, Jones then said, "well, here you go—here's my truck, you do my job and I'll do yours." Stillwell said that he told Jones, "just get on the tractor and do your job" and that he was "just doing the best [he] can." According to Stillwell, "when [he] went to turn around [Jones] jumped on [him] and that was when [he] hit the ground" and broke his shoulder. Stillwell also testified that, after the foreman intervened, Stillwell told Jones to "cut it out," but that Jones then "tackled [him] again."

Stillwell admitted, however, that he knew he was not "supposed to fight on this job." The foreman similarly testified that, if employees fight, they are to be fired "immediately," no "ifs, ands, or buts about it." The foreman also testified that, prior to the fight, Stillwell had once called Jones a "tattletale" because Jones had reported Stillwell to the foreman for poor job performance.

By opinion dated August 19, 2004,[1] the deputy commissioner held that Stillwell carried his burden of proving an injury by accident. The deputy commissioner reasoned that, although Stillwell "probably struck the first blow," the two employees were "equally at fault in the fight." And, because employer only fired one of the two employees involved in the accident, the deputy commissioner concluded that "the employer cannot use the willful misconduct defense successfully in this matter."

Employer appealed to the full commission, which, by opinion dated May 20, 2005, reversed the award of benefits. The commission reasoned that, because Stillwell failed to carry his burden of proving that he was not the aggressor in the fight, he also "failed to prove that his injury arose out of his employment." Stillwell appeals.

## II. ANALYSIS

The sole issue on appeal is whether the commission erred in determining that Stillwell failed to carry his burden of establishing that his shoulder injury arose out of his employment. For the reasons that follow, we affirm.

"The question of '[w]hether an accident arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court.'" Cleveland v. Food Lion L.L.C., 43 Va. App. 514, 518, 600 S.E.2d 138, 140 (2004) (quoting Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 306 (1989)). Accordingly, although we are bound by the commission's underlying factual findings if those findings are supported by credible evidence, see Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83-84, 608 S.E.2d 512, 517 (2005) (*en banc*), we review *de novo* the commission's ultimate determination as to whether the injury

---

[1] The deputy commissioner issued her original opinion on August 9, her first amended opinion on August 16, and her second amended opinion on August 19.

arose out of the claimant's employment, see Caplan v. Bogard, 264 Va. 219, 225, 563 S.E.2d 719, 722 (2002).

"The language 'arising out of' refers to the origin or cause of the injury . . . ." Briley v. Farm Fresh, Inc., 240 Va. 194, 197, 396 S.E.2d 835, 836 (1990). An injury will therefore be deemed to "arise out of" the claimant's employment "when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Combs v. Va. Elec. & Power Co., 259 Va. 503, 509, 525 S.E.2d 278, 282 (2000); see also United Parcel Serv. of Am. v. Fetterman, 230 Va. 257, 258, 336 S.E.2d 892, 893 (1995) ("An accident arises out of the employment when there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed."). Thus, if an injury "cannot fairly be traced to the employment as a contributing proximate cause," the injury is not compensable because it did not "arise out of" the claimant's employment. Combs, 259 Va. at 509, 525 S.E.2d at 282.

In Farmers' Manufacturing Co. v. Warfel, 144 Va. 98, 131 S.E. 240 (1926), the Virginia Supreme Court observed that an employee is not entitled to workers' compensation benefits "where a [claimant] suffers injuries from an assault when the claimant is himself in fault as the aggressor." Id. at 101, 131 S.E. at 241. The rationale for denying benefits to the aggressor is that, "in such cases the proximate cause of the injury is not the employment, but the fault of the claimant." Id. In other words, if an employee is at fault in causing a fight and is injured during the course of that fight, those injuries do not "arise out of" the aggressor's employment because the injuries were not proximately caused by the employment, but rather, by "the fault of the claimant." Id.

Accordingly, where a claimant's injuries are incurred during a fight with another employee, those injuries "arise out of" the employment only if the fight "'[1] was not a mere personal matter, but grew out of a quarrel over the manner of conducting the employer's business, *and . . .* [2] *the injured employee was not responsible for the assault*.'" Id. at 104, 131 S.E. at 241 (quoting Edelwiess Gardens v. Indus. Comm'n, 125 N.E. 260, 262 (Ill. 1919)) (emphasis added); see also Lynchburg Steam Bakery, Inc. v. Garrett, 161 Va. 517, 520, 171 S.E. 493, 494 (1933) (indicating that the quoted language from Farmers' was intended to "construe[] the [statutory] language 'arising out of and in the course of the employment'").[2] To establish that his shoulder injury arose out of his employment, Stillwell therefore bore the burden of proving both: (1) that the fight was not personal, but rather, was related to the manner of conducting business, and (2) that he was "not responsible" for the fight. See id.; see also Dublin Garment Co. v. Jones, 2 Va. App. 165, 168, 342 S.E.2d 638, 639 (1986) (noting that an injury sustained in an assault is "compensable where the attack *was directed against* the claimant" (emphasis added)); Park Oil Co. v. Parham, 1 Va. App. 166, 168, 336 S.E.2d 531, 533 (1985) ("An assaulted claimant must show that the assault *was aimed at him* . . . in order to recover." (emphasis added)).

The commission found, and the parties agree, that the fight "grew out of a quarrel about work issues," specifically, Stillwell's "performance of his job." Thus, Stillwell successfully established that the fight was not personal in nature, but rather, was related to employer's business.

---

[2] This is analogous to cases involving "horseplay," where this Court has held that an employee may recover workers' compensation benefits if the "injury arises from the *unilateral* act of a co-worker upon a *nonparticipating* claimant." Dublin Garment Co. v. Jones, 2 Va. App. 165, 168, 342 S.E.2d 638, 639 (1986) (emphases added).

The commission also found, however, that Stillwell failed to prove that he was not responsible for the fight. Credible evidence in the record supports this finding. Specifically, Jones testified that, after the two men exchanged words, Stillwell "swung and knocked [Jones'] hard hat off." Jones responded by grabbing Stillwell and pulling him to the ground. After the foreman broke up the fight, the two men resumed arguing. Stillwell then grabbed Jones around the neck, and the men tumbled to the ground again, causing Stillwell to break his shoulder.

From these facts, the commission could reasonably have concluded that Stillwell, by striking the first blow, initiated the physical confrontation. Similarly, by grabbing Jones after the foreman interceded, Stillwell actively sought to continue that confrontation. Thus, Stillwell did not carry his burden of proving that he was without fault in causing the fight that resulted in his shoulder injury. And, because Stillwell instigated the fight, his shoulder injury did not arise out of his employment because it was not caused by his employment, but rather, by his own conscious decision to engage in a physical altercation on the jobsite. See Farmers', 144 Va. at 104, 131 S.E. at 241; cf. Jones, 2 Va. App. at 168, 342 S.E.2d at 639 (permitting recovery of workers' compensation benefits where the claimant "was an unsuspecting nonparticipating victim of the unilateral act of her co-worker"). Said differently, Stillwell's intentional conduct constituted the proximate cause of the accident and, therefore, broke the chain of causation between the employment and the injury.[3]

Stillwell argues, however, that the commission improperly placed the burden upon him to establish that he was "not responsible" for the assault. He reasons that the issue of whether he was the aggressor in the fight is analogous to the issue of whether he engaged in "willful

---

[3] We disagree with Stillwell's assertion that, by denying workers' compensation benefits to an employee who initiates a fight, this Court is impermissibly "revert[ing] to the doctrines of negligence." Farmers', 144 Va. at 105, 131 S.E. at 242. Stillwell's injuries were not incurred as a result of his negligent conduct, but rather, as a result of his intentional decision to fight with a co-employee.

misconduct" within the meaning of Code § 65.2-306(A)(5). Because the "willful misconduct" defense is an affirmative defense, see Code § 65.2-306(B), "the employer has the burden to prove that claimant's conduct . . . was in 'willful' disregard of a reasonable rule established by employer . . . ." Brockway v. Easter, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995). Stillwell argues that, similarly, the issue of whether he was "responsible" for the fight should be deemed an affirmative defense, and he concludes that the commission therefore erroneously placed the burden of proof with respect to this issue upon him rather than employer.[4]

We disagree. What Stillwell characterizes as the "aggressor defense" is, in fact, not an affirmative defense at all. It is well-established that it is the claimant who has the burden of proving a causal connection between the injury and the employment sufficient to establish that the injury arose out of the employment. See, e.g., A.N. Campbell & Co. v. Messenger, 171 Va. 374, 380, 199 S.E. 511, 514 (1938); see also Bailey v. Stonega Coke & Coal Co., 185 Va. 653, 659, 40 S.E.2d 254, 257 (1946) ("[T]here must be a causal connection between the employment and the accident. The burden of showing this rests upon the petitioner."); Continental Life Ins. v.

---

[4] Quoting at length from Larson's Worker's Compensation Law §§ 8.01[5][a] & [c], Stillwell also contends that this Court should reject the so-called "aggressor defense," reasoning that the language from Farmers'—which he refers to as *dicta*—"has been misunderstood and misapplied here and in other cases." Stillwell concludes that Farmers' "cannot be considered as binding precedent" on this issue. However, in Farmers', the Virginia Supreme Court clearly intended to "construe[] the [statutory] language 'arising out of and in the course of the employment.'" Garrett, 161 Va. at 520, 171 S.E. at 494. Although the facts of that case ultimately did not require an inquiry into whether the claimant initiated the assault, we are without authority to overrule clear precedent from the Virginia Supreme Court regarding the interpretation of specific statutory language. See Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700 (1991) ("We are bound by decisions of the Supreme Court of Virginia and are without authority to overrule [them]."); see also Martinez v. Commonwealth, 42 Va. App. 9, 19, 590 S.E.2d 57, 62 (2003) ("We cannot and do not ignore the clear precedent established by [] cases [from the Virginia Supreme Court]."). See generally Tate v. Showboat Marina Casino P'ship, 431 F.3d 580, ___ (7th Cir. 2005) (noting that "the holding of a case includes, besides the facts and the outcome, the reasoning essential to that outcome," reasoning that, "as a practical matter," a contrary rule "would erase stare decisis because two cases rarely have identical facts").

<u>Gough</u>, 161 Va. 755, 760, 172 S.E. 264, 266 (1934) (noting that, before a claimant can recover for injuries sustained in an assault, "the *employee* . . . must . . . prove that the assault was directed against him as an employee, . . . that is, that [the injury] arose out of as well as in the course of his employment" (emphasis added)). And, as discussed above, where a claimant has been injured while fighting with a co-worker, that injury "arises out of" the claimant's employment only if two elements are satisfied: (1) the fight was not personal, but rather, was related to the manner of conducting business, and (2) the claimant was not responsible for the fight. <u>See</u> <u>Farmers'</u>, 144 Va. at 104, 131 S.E. at 241. Where the alleged injury is incurred during a fight with a co-worker, then, the claimant must affirmatively prove *both* elements in order to establish the requisite causal connection between the injury and the employment. <u>See</u> <u>id.</u>[5]

In <u>A.N. Campbell & Co.</u>, for example, the claimant was shot "three or four times" while he was carrying a battery "down a public road in the direction of and towards his company's operations." <u>Id.</u> at 378, 199 S.E. at 513. It was not clear whether the claimant was shot because he "sometimes indulged in a game of poker," which was "distasteful" to the shooter, or whether the claimant was shot because he "had worked on [a] Sunday." <u>Id.</u> at 378-79, 199 S.E. at 513-14. The Virginia Supreme Court acknowledged that "a recovery [c]ould be sustained . . . if the shooting resulted from . . . the employment of claimant . . . on the Sabbath day." <u>Id.</u> at 379, 199 S.E. at 514 (internal quotations omitted). The Court further noted, however, "that poker playing had nothing whatever to do with [the claimant's] employment." <u>Id.</u> Because it was unclear why the claimant was shot, the Court reversed the award of workers' compensation

---

[5] Stillwell also argues that the so-called "aggressor defense" should only be available in cases "when it is shown by the employer that a claimant was hurt while attempting to injure another person based on some motive unrelated to the workplace." However, in such cases, the injury would not have arisen out of the employment, regardless, because the claimant would be unable to prove the first of the two elements identified in <u>Farmers'</u>. Stillwell's suggested "fix" would, therefore, have the practical effect of eliminating the issue altogether.

- 9 -

benefits, reasoning that the claimant had failed to carry his burden of proving a "casual connection between the employment and the shooting" sufficient to establish that his injuries "arose out of" his employment. Id. at 380, 199 S.E. at 514; see also Hopson v. Hungerford Coal Co., 187 Va. 299, 307-08, 46 S.E.2d 392, 396 (1948) (affirming denial of benefits where it was not clear whether the decedent employee was shot "while he was attempting to protect his employer's property from theft" or whether the shooting was a result of a "personal matter between [the employee] and [the third party]," reasoning that "to conclude that the death of [the employee] arose out of his employment would be conjectural").

The holdings in A.N. Campbell & Co. and Hopson were therefore predicated on the claimant's failure to establish the first of the elements identified in Farmers', specifically, that the altercation was not a personal matter, but rather, grew out of a quarrel over the manner of conducting the employer's business. See Farmers', 144 Va. at 104, 131 S.E. at 241. Thus, the Virginia Supreme Court has clearly placed the burden of proving this first element upon the claimant. See Hopson, 187 Va. at 307-08, 46 S.E.2d at 396; A.N. Campbell & Co., 171 Va. at 380, 199 S.E. at 514; Gough, 161 Va. at 760, 172 S.E. at 266. It follows, then, that the claimant also bears the burden of proving the second element identified in Farmers', specifically, that the claimant did not initiate the fight. See Farmers', 144 Va. at 104, 131 S.E. at 241. Thus, the issue of whether the claimant initiated the fight is not an affirmative defense, but rather, an "integral part of the proximate causation analysis." Nat'l Mkt. Share v. Sterling Nat'l Bank, Inc., 392 F.3d 520, 527 (2d Cir. 2004); see also E.I. du Pont de Nemours & Co. v. McCain, 414 F.2d 369, 374 (5th Cir. 1969) ("The theory of new and independent cause is not an affirmative defense; it is but an element to be considered by the jury in considering the existence or non-existence of proximate cause." (internal quotations omitted)); Resolution Trust Corp. v. KMPG Peat Marwick, 845 F. Supp. 621, 625 (N.D. Ill. 1994) (holding that the issue of whether the plaintiff's

- 10 -

claim was barred by an intervening cause was "not an affirmative defense," but merely "an

assertion that [the plaintiff] cannot prove a necessary element of its claim"). Accordingly, we

conclude that the commission did not err in placing the burden of proof with respect to this

second element upon Stillwell rather than employer.[6]

### III.    CONCLUSION

For these reasons, we hold that credible evidence supports the commission's finding that

Stillwell's shoulder injury did not "arise out of" his employment. Thus, we affirm the denial of

benefits.

<u>Affirmed.</u>

---

[6] We also disagree with Stillwell's assertion that, by requiring him to prove that he was "not responsible" for the fight, the commission impermissibly required him to "prove a negative." The issue of whether an employee was responsible for a fight is a question of fact: either Stillwell instigated the fight, or he did not. And, as noted by the Virginia Supreme Court, "the general principle . . . that no man shall be called upon to prove a negative" has no application where the "negative has a corresponding affirmative." <u>Hinchman v. Lawson</u>, 32 Va. (5 Leigh) 695, 696 (1834). Moreover, "'[w]hen a [claimant's] right of action is grounded on a negative allegation, *which is an essential element in his case*, . . . the burden is on him to prove that allegation, the legal presumption being in favor of the [defendant].'" <u>United Dentists, Inc. v. Commonwealth</u>, 162 Va. 347, 356, 173 S.E. 508, 511 (1934) (quoting <u>Colorado Coal Co. v. United States</u>, 123 U.S. 307 (1887)) (emphasis added). Thus, although the commission phrased this particular element in the negative (questioning whether Stillwell was "not responsible" for the fight, as opposed to whether Stillwell "initiated," "instigated," or "was the aggressor in" the fight), this phraseology did not impermissibly force Stillwell to "prove a negative."