COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Benton and Petty
Argued at Richmond, Virginia


NEUROSURGICAL ASSOCIATES, P.C.

v.      Record No. 2637-06-2

COUNTY OF HENRICO FINANCE

MEMORANDUM OPINION[*] BY
CHIEF JUDGE WALTER S. FELTON, JR.
MAY 15, 2007


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Richard A. Hobson (Law Office of Richard A. Hobson, on brief), for appellant.

(Ralph L. Whitt, Jr.; Whitt & Del Bueno, on brief), for appellee.


Neurosurgical Associates, P.C. (Neurosurgical Associates) appeals a Workers'

Compensation Commission (commission) decision finding that the County of Henrico (Henrico),

a self-insured employer, paid all sums it owed to Neurosurgical Associates for medical care

provided to Henrico's employee for compensable injuries under the Workers' Compensation

Act.  Specifically, Neurosurgical Associates asserts that Henrico failed to prove it was a party to

or "payor" within the preferred provider contract between Virginia Health Network (VHN) and

Neurosurgical Associates.  Henrico asserts that credible evidence established that it contracted

with VHN to participate in VHN's workers' compensation network and that it was a

"participating payor" as defined in the preferred provider contract between VHN and

Neurosurgical Associates.  We affirm the commission's decision that Henrico was a "payor"

under the contract and paid Neurosurgical Associates an appropriate amount for medical services

it provided to Henrico's injured employee.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND

Under well established principles, we view the evidence in the record, as well as all reasonable inferences that may be drawn from that evidence, in the light most favorable to Henrico, the prevailing party below. Stillwell v. Lewis Tree Service, Inc., 47 Va. App. 471, 474, 624 S.E.2d 681, 682 (2006). So viewed, the evidence established that Neurosurgical Associates entered into a contract with VHN in 1989 to participate in VHN's medical services network and to accept payment for its services according to a fee schedule. The contract was amended on July 1, 2000, and provided that Neurosurgical Associates agreed to participate in VHN's workers' compensation network. Thereafter, Neurosurgical Associates provided health care services to Henrico's employee, Jessee Richard Damron, from January 19, 2004, through November 11, 2004, for compensable injuries he sustained in a work-related accident. Neurosurgical Associates billed Henrico $18,425 for those medical services. Henrico paid $9,107 of the billed $18,425 as payment in full pursuant to the VHN maximum allowable fee schedule. Neurosurgical Associates filed an application with the commission for a hearing on the record,[1] contending that Henrico unjustifiably refused to pay the remaining $9,318 balance due for medical services it rendered to Henrico's employee.

Following a hearing on the record, Deputy Commissioner Link ruled that Henrico paid Neurosurgical Associates the appropriate amount for its medical services pursuant to VHN's fee schedule. The deputy commissioner determined that Neurosurgical Associates contracted with VHN to participate in VHN's workers' compensation network and to accept fees from participating payors as provided in VHN's fee schedule. The deputy commissioner found that

---

[1] See Rule 2.1, Rules of the Virginia Workers' Compensation Commission ("When it appears that there is no material fact in dispute as to any contested issue, determination will proceed on the record. After each party has been given the opportunity to file a written statement of the evidence supporting a claim or defense, the Commission shall enter a decision on the record.").

Henrico, a participating payor, paid Neurosurgical Associates according to the fee schedule and that the payments were in an appropriate amount within the prevailing community standard.[2]

The full commission affirmed the deputy commissioner's decision. It rejected Neurosurgical Associates' argument that the deputy commissioner erroneously considered as evidence the contract between VHN and Neurosurgical Associates that Henrico submitted with its position statement. The commission ruled that, consistent with Rule 2.1(A) of the Rules of the Virginia Workers' Compensation Commission, Henrico timely submitted its position statement and supporting documentary evidence, including the preferred provider contract between VHN and Neurosurgical Associates, for the commission's review on the record. It also found that Neurosurgical Associates "did not ask to cross-examine this documentation, provide its own evidence, or request an evidentiary hearing."

The commission found that the preferred provider contract between Neurosurgical Associates and VHN required Neurosurgical Associates to "accept as compensation in full from Payor for services rendered pursuant to any Preferred Provider Arrangement payments . . ." and that "[p]hysician shall be compensated on a fee-for-service basis in accordance with the VHN Maximum Allowable Fee Schedule . . . ." The preferred provider contract also precluded balance billing. The commission also found that Henrico contracted with VHN for bill review, was a "participating payor" as defined by the preferred provider contract between VHN and Neurosurgical Associates, and that Henrico's payments to Neurosurgical Associates adhered to the fee schedule Neurosurgical Associates contracted to accept. This appeal followed.

---

[2] The deputy commissioner's finding that the payments by Henrico were within "the prevailing community standard" is not before us on appeal.

## II. ANALYSIS

On review by this Court, "'[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding upon this Court.'" VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997)). As the finder of fact, "[t]he commission [is] privileged to draw . . . reasonable inference[s] from the evidence." Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 333, 437 S.E.2d 205, 209 (1993). When it does so, "[t]hat action of the commission is a finding of fact subject to the credible evidence standard." Id.

On appeal, Neurosurgical Associates contends that "nothing in the record . . . establishes that there existed a 'Participating Payor Agreement' between [Henrico] and VHN . . . ." It argues that because the contract itself between VHN and Henrico was not a part of the record reviewed by the commission, the commission could not find that Henrico was contractually entitled to pay Neurosurgical Associates at the rates set forth in the VHN fee schedule. We hold these arguments to be without merit.

The commission found that Henrico was a "participating payor" within the preferred provider contract between Neurosurgical Associates and VHN. The evidence in the record supports this finding. The preferred provider contract was reviewed by the commission pursuant to Commission Rule 2.1 and properly made part of the record.[3] That preferred provider contract states:

> For the purposes of this Agreement, the term "Preferred Provider Arrangement" shall mean a group health care policy or agreement marketed by an insurance company, health maintenance organization or other payor ("Payor") to employer groups, *or if Payor is a self-insured employer or governmental entity, offered by Payor to its employees*.

---

[3] The preferred provider contract between Neurosurgical Associates and VHN was made a part of the record on review before the deputy commissioner after being produced pursuant to a subpoena issued by Henrico.

      \*      \*      \*      \*      \*      \*      \*

> VHN will negotiate and enter into agreements with Payors for the provision of services to Covered Persons ("Participating Payor Agreements"). VHN agrees to use its best efforts to market its provider network to Payors. *Physician hereby appoints VHN as its agent to enter into such Participating Payor Agreements and authorizes VHN to offer such Payor(s) . . . the provision of physician services . . . .*

      \*      \*      \*      \*      \*      \*      \*

> Physician agrees to accept *as compensation in full from Payor for services rendered pursuant to any Preferred Provider Arrangement payments made in accordance with the provisions set forth in [the maximum allowable fee schedule] . . . .*

(Emphasis added).

Although the actual participating payor contract document between VHN and Henrico was not part of the record reviewed by the commission in its hearing on the record, there is credible evidence in the record from which the commission could reasonably conclude that Henrico contracted with VHN to participate in VHN's workers' compensation network as a "participating payor." The record contains a letter VHN sent to Neurosurgical Associates seeking to expand Neurosurgical Associates' preferred provider contract to include workers' compensation business. That letter specifically provided, "VHN contracts with the County of Henrico . . . for Workers' Compensation business." The record also contains five invoices on VHN letterhead, noting the "VHN Claim Rec. No." for statements from Neurosurgical Associates to Henrico seeking payment for medical services to Henrico's employee for his injuries. Each of the invoices demonstrates that VHN reviewed the fees charged by Neurosurgical Associates and adjusted the fees owed by Henrico in accordance with the VHN fee schedule. Additionally, each of these invoices listed Henrico as the "payer" and "client" of VHN. Henrico paid for its employee's medical care in accordance with the agreed fee schedule.

The commission specifically ruled that this evidence proved "Henrico County was contracted with VHN for bill review and was a Payor as defined in the contract at the time services were rendered." Credible evidence supports the commission's findings that VHN had a contractual relationship with Henrico and that VHN adjusted the fees Henrico, as payor, owed Neurosurgical Associates to comply with its fee schedule.

## III. CONCLUSION

From the record presented to us on appeal, we conclude that Neurosurgical Associates' agreement with VHN authorized VHN to enter into contracts with "participating payors" and required Neurosurgical Associates to accept fees for its medical services in accordance with the VHN fee schedule as payment in full. We hold that there is credible evidence in the record demonstrating that Henrico entered into a "participating payor" contract with VHN. We, therefore, affirm the commission's decision that Henrico paid Neurosurgical Associates appropriate fees for medical services Neurosurgical Associates provided to its employee.

<u>Affirmed.</u>