COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


EVA M. TOWNS-HINTON

MEMORANDUM OPINION[*]

v.      Record No. 2205-07-1                              PER CURIAM
                                                         JANUARY 29, 2008

OBICI HEALTH SYSTEM AND
  LIBERTY INSURANCE CORPORATION


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Eva M. Towns-Hinton, *pro se*, on brief).  Appellant submitting on
              brief.

              (Audrey Marcello; Taylor & Walker, P.C., on brief), for appellees.
              Appellees submitting on brief.


       Eva M. Towns-Hinton (claimant) appeals a decision of the Workers' Compensation

Commission denying her claim for benefits filed on November 8, 2006.  Claimant contends the

commission erred in finding that she failed to prove she sustained (1) an injury by accident

arising out of her employment on October 10, 2005; and (2) disability causally related to that

accident.  Finding no error, we affirm.

              "The question of '[w]hether an accident arises out of the
       employment is a mixed question of law and fact and is reviewable
       by the appellate court.'"  Accordingly, although we are bound by
       the commission's underlying factual findings if those findings are
       supported by credible evidence, we review *de novo* the
       commission's ultimate determination as to whether the injury arose
       out of the claimant's employment.

              "The language 'arising out of' refers to the origin or cause
       of the injury . . . ."  An injury will therefore be deemed to "arise
       out of" the claimant's employment "when there is apparent to the
       rational mind upon consideration of all the circumstances, a causal

────────────────────

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

connection between the conditions under which the work is required to be performed and the resulting injury." Thus, if an injury "cannot fairly be traced to the employment as a contributing proximate cause," the injury is not compensable because it did not "arise out of" the claimant's employment.

Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 477-78, 624 S.E.2d 681, 683-84 (2006)

(citations omitted);

In denying claimant's claim, the commission found as follows:

> The substance of the claimant's testimony was that she did not know the cause of the fall and she denied slipping. Additionally, she was uncertain whether she had pain and fell, or suffered pain upon striking the ground. This evidence does not establish that a work-related exertion or condition caused the claimant to fall. The fact that her employment put her in a position to be reaching her parked vehicle does not make the injury compensable.

> The medical record does not support that any type of work-related condition caused the claimant's fall. Instead, the record emphasizes that she simply fell while walking, without any causative factor.

We agree. Claimant testified that, after she completed her work shift as a registration clerk on October 10, 2005, she walked to her vehicle in employer's parking lot. Claimant had a handicapped decal permitting her to park in a handicapped space, but since none were available that day, she had parked in a regular space about two rows from the building. She agreed that area was available for use by the general public. In addition, she did not know if employer owned the lot or if its employees used it.

As claimant approached her vehicle, she fell in the grassy median near it. She described the accident as follows:

> I stepped up on the medium [sic]. I was right in front of my car. When I stepped up, I did grab my car because I wanted to make sure that I had balance . . . , and I guess I might have bent over a little because I was kind of like reaching for the car and tried to make sure I had some balance. I guess when I (inaudible) to grab the car, and when I stood back up, that's when I fell. . . . Honestly,

- 2 -

I don't know whether I caught a pain when I bent back up or whether the pain actually hit me when I hit the ground, but I fell backwards, and I fell just back on my butt right in the median. I had this terrible pain in my leg. I couldn't straighten my leg out. It happened so fast. I couldn't get up.

Claimant admitted "I don't know why I fell," speculating that it might have been uneven or she may have stepped in something. However, she did not return to the median after the fall to investigate.

Prior to the fall, claimant had been diagnosed with multiple sclerosis, but walked unassisted at the time of the fall. She admitted she had fallen on a prior occasion due to pain and weakness in her leg. The medical records showed that on October 10, 2005, when claimant sought treatment in the hospital emergency room, she gave a history of "walking to her car when she slipped and fell to the ground." However, claimant denied stating that she slipped. Another history reported that she was "walking to car and [right] leg seemed to give out and [she] landed on [the] ground. States felt like leg was in a spasm and she couldn't get up." She later reported to Dr. Nickolas L. Pezzella, III, that she fell, but denied slipping or tripping on anything.

Based upon this record, we agree that claimant's evidence failed to sustain her burden of proving the requisite causal connection between her injury and a significant work-related exertion or a condition of her employment. The evidence showed that claimant fell while walking to her car, but provided no explanation, beyond pure speculation, for what caused her to fall. Furthermore, "[s]imple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Southside Virginia Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000).

Accordingly, we cannot say the commission erred in finding claimant failed to prove that her October 10, 2005 injury arose out of her employment. Because this ruling disposes of this

- 3 -

appeal, we need not address whether claimant's disability was causally related to her alleged October 10, 2005 work accident.

Affirmed.