COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Powell
Argued at Richmond, Virginia


JASPER FREEMAN McMICHAEL

                                                          MEMORANDUM OPINION<sup>*</sup> BY
v.        Record No. 0426-08-2                      JUDGE CLEO E. POWELL
                                                          DECEMBER 23, 2008

M.M. WRIGHT, INC. AND VIRGINIA FORESTRY
  SAFETY GROUP SELF-INSURANCE ASSOCIATION/
  PMA MANAGEMENT CORPORATION


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Jasper Freeman McMichael, *pro se*.

              Angela F. Gibbs (Richard S. Sperbeck; Midkiff, Muncie & Ross,
              on brief), for appellees.


       Jasper Freeman McMichael ("McMichael") appeals a decision of the Virginia Workers'

Compensation Commission ("commission") denying him benefits for a leg injury he incurred

during a fight with his supervisor.  McMichael contends that his former employer, M.M. Wright,

Inc. ("M.M. Wright"), failed to prove his injury was the result of his intoxication.  McMichael

further contends that the commission erroneously determined that he was the aggressor in the

fight.  For the reasons that follow, we hold that the commission did not err and, therefore, affirm

the denial of benefits.

                                        I.  BACKGROUND

       "On appeal, we view the evidence and all reasonable inferences that may be drawn from

that evidence in the light most favorable to the party prevailing below."  Stillwell v. Lewis Tree

----

       <sup>*</sup> Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Service, Inc., 47 Va. App. 471, 474, 624 S.E.2d 681, 682 (2006). So viewed, the evidence in this case establishes the following.

McMichael worked for M.M. Wright as a skidder operator. On October 23, 2006, at approximately 7:00 a.m., McMichael approached his supervisor, Junior Drummond ("Drummond"). McMichael was agitated with the type of work that Drummond wanted him to do. Drummond told McMichael that he should complain to Drummond's supervisor.

In response, McMichael threw his hands up and scratched Drummond's right cheek. McMichael then grabbed Drummond's left leg, forcing Drummond to grab McMichael's head in order to maintain his balance. Drummond realized that McMichael would not release his leg, so Drummond "dropped [his] weight on [McMichael]." This knocked McMichael off-balance, causing him to fall to the ground. As he fell, his leg went into a stump hole, causing it to break.

Jesse Walker ("Walker"), a co-worker, then approached McMichael. Walker testified that he could smell alcohol on McMichael's breath. Walker and Phillip Basham ("Basham"), another co-worker, both testified that McMichael was acting strangely prior to the fight. Basham further described McMichael as "acting kind of wild and didn't want to listen."

McMichael was taken to the John Randolph Medical Center for emergency treatment. He told medical staff that he had a fight with his supervisor, and his supervisor had twisted his left leg, causing it to break. Dr. Manjit S. Dhillon, the admitting doctor, diagnosed McMichael with a fractured left tibia and fibula.

In his notes, Dr. Dhillon noted that McMichael was "alert and awake, somewhat drowsy secondary to alcohol." Additionally, a toxicology report showed the presence of alcohol

and opiates[1] in McMichael's urine.  When asked the last time he had had any alcohol, McMichael claimed he had not had any alcohol since 4:00 p.m. the day before.

By opinion dated July 20, 2007, the deputy commissioner held that the evidence failed to prove that McMichael's alcohol consumption was the proximate cause of the accident or that McMichael was the aggressor in the altercation.  She awarded McMichael medical benefits for his left leg injury and temporary total disability benefits from October 23, 2006 to March 22, 2007.

Employer appealed to the full commission.  In an opinion dated January 15, 2008, the commission reversed the award of benefits.  The commission reasoned that, because the evidence showed that McMichael was under the influence of alcohol, his testimony was not credible.  Accordingly, the commission found that Drummond's version of events was more probable.  Thus, McMichael failed to carry his burden of proving that he was not the aggressor in the fight.  McMichael appealed the commission's decision to this Court.

## II.  ANALYSIS

### A.  Intoxication

McMichael contends that the commission erred in determining that the employer had met its burden of establishing that McMichael's injury was the result of his intoxication.  "To establish an affirmative defense, an employer must prove by a preponderance of the evidence that intoxication proximately caused [McMichael's] injury."  Wyle v. Professional Services Industries, Inc., 12 Va. App. 684, 688, 406 S.E.2d 410, 412 (1991) (citing American Safety Razor Co. v. Hunter, 2 Va. App. 258, 262, 343 S.E.2d 461, 464 (1986)).  In this case, however,

---

[1] Although employer argues that the presence of opiates further demonstrates McMichael's level of intoxication, a review of McMichael's medical records indicates that he received at least one injection of morphine prior to the collection of the urine sample, thus accounting for the presence of opiates in his system.

the commission did not determine that McMichael's injury was the result of his intoxication; rather, the commission determined that McMichael's intoxication made his version of events less credible than that of other witnesses. Specifically, the commission found:

> The level of intoxication is unknown; however, the evidence shows that the physicians noticed it at the hospital that day after he claimed to have last consumed alcohol, and his ride to work noticed the smell of alcohol the morning after he allegedly last consumed alcohol. The claimant was under the influence of alcohol to a level that required treatment at the hospital late the next day; accordingly, we do not give weight to his version of events.

"'Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court.'" Basement Waterproofing & Drainage v. Beland, 43 Va. App. 352, 358, 597 S.E.2d 286, 289 (2004) (quoting WLR Foods, Inc. v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997)). "'The commission, like any other fact finder, may consider both direct and circumstantial evidence in its disposition of a claim. Thus, the commission may properly consider all factual evidence, from whatever source, in its decision whether or not a condition of the workplace caused the injury.'" Id. (quoting VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2002)).

Nowhere in its decision did the commission state that McMichael's injury was the result of his intoxication; rather the commission very plainly stated that it was discounting McMichael's version of events due to his intoxication.

### B. Aggressor

> [W]here a claimant has been injured while fighting with a co-worker, that injury "arises out of" the claimant's employment only if two elements are satisfied: (1) the fight was not personal, but rather, was related to the manner of conducting business, and (2) the claimant was not responsible for the fight. Where the alleged injury is incurred during a fight with a co-worker, then, the claimant must affirmatively prove both elements in order to establish the requisite causal connection between the injury and the employment.

Stillwell, 47 Va. App. at 481-82, 624 S.E.2d at 685 (citing Farmers Manufacturing Co. v. Warfel, 144 Va. 98, 104, 131 S.E. 240, 241 (1926)).

Although the commission made no finding regarding the first element, the record is clear that the initial confrontation between McMichael and Drummond resulted from McMichael's disagreement with the type of work Drummond wanted him to do.  As such, appellant has satisfied the first element.

Appellant cannot, however, satisfy the second element.  Once the commission discounted McMichael's version of events, the only remaining version on which it could rely was Drummond's version.  In Drummond's version of events, McMichael was clearly the aggressor.

### III.  CONCLUSION

For the foregoing reasons, the decision of the commission is affirmed.

<u>Affirmed.</u>